OPINION OF THE COURT
John V. Aylward, J.
The People moved on January 27, 1982 for an order consolidating the above indictments and request a joint trial thereof. Attorneys for defendants Noftsier and Parks do not object to the consolidation and joint trial, counsel for defendant Johnson does so object.
Each defendant is charged with the same counts in each indictment and with aiding and abetting each other in an alleged assault upon a police officer, as well as resisting arrest.
Upon the argument of this motion, counsel for defendant Johnson waived the fact that this motion was made on short notice of motion. However, defendant Johnson’s counsel does object to the fact that the People have made this motion for consolidation after the 45-day period provided for in CPL 255.20, and therefor requests that the People’s motion be denied.
The People made this motion 96 days after defendant Johnson’s arraignment on October 21, 1981. Defendant *579 Johnson’s omnibus pretrial motion was decided by this court on February 4, 1982.
CPL 255.20 (pretrial motions; procedure) pertains solely to pretrial motions as defined in CPL 255.10. Those motions include a motion for severance, but do not include a motion for consolidation.
The distinction between severance and consolidation becomes more evident when one considers CPL 200.40 and its history. CPL 200.40 (subd 1) specifically applies the time strictures of CPL 255.20 to both the defendant and the People when the motion is for severance. On the other hand, CPL 200.40 (subd 2) pertains solely to the People’s motion for consolidation and does not contain any requirement to apply CPL 255.20 thereto.
The prior CPL 200.40 (subd 1) authorized either the defendant or the People to make a motion for severance of parties “at any time before trial”. (Emphasis added.)
The purpose for the adoption of CPL article 255 in 1974 and its 45-day rule was to require a defendant to prepare for trial promptly and to avoid delay of trial because of pretrial motions made by a defendant on the eve of trial solely for the purpose of delaying the trial.
The granting of the People’s motion to consolidate will not cause any delay.
Accordingly, this court holds that the People may move for consolidation at any time prior to trial, so long as it does not delay the trial proceedings.
To the extent that defendant’s affidavit may be considered a cross motion, it is denied — the issues raised having been decided on the prior decision of this court.
The People’s motion for consolidation and a joint trial is granted.