The People of the State of New York, Plaintiff, v Katherine Boudin, Samuel Brown, Nathaniel Burns, Also Known as Sekou Odigna, and Anthony N. La Borde, Also Known as Abdul Majid, Defendants.

Second Department, June 1, 1982

### APPEARANCES OF COUNSEL

*Martin Garbus* for Katherine Boudin, defendant.

*Chokwe Lumumba* and *Evelyn Williams* for Samuel Brown, defendant.

*William M. Kunstler* for Nathaniel Burns and another, defendants.

*Kenneth Gribetz, District Attorney* (*John S. Edwards* of counsel), for plaintiff.

### OPINION OF THE COURT

*Per Curiam.*

On October 20, 1981 a robbery occurred at the Nanuet Mall in Rockland County, New York. The target of the crime was a Brink's armored truck, manned by three Brink's guards. During the course of the robbery, one of the Brink's guards was shot to death and, shortly thereafter,

while attempting to apprehend suspected perpetrators, two police officers were killed. The movants here are among those indicted on charges stemming from those events.

Defendant Katherine Boudin has moved, pursuant to CPL 230.20, for a change of venue on the ground that she cannot receive a fair trial in Rockland County. Among the specific grounds advanced in support of her motion are allegations that (1) the prejudicial character and intensity of local publicity will make it impossible to select a fair and impartial jury, (2) the nature of the crime has resulted in a charged emotional atmosphere throughout the small county in which the trial is to be held, and that atmosphere will necessarily affect any jury chosen, (3) the Rockland County Courthouse is inadequate in view of the substantial public interest in the trial and the attendant security precautions to be taken, (4) the defendants will be housed in facilities in counties other than Rockland, making it virtually impossible for counsel to confer adequately with their clients during trial, and (5) as demonstrated by the results of a survey, the jury pool in Rockland County has a disproportionately small number of blacks.

Defendant Samuel Brown has moved for similar relief, and defendants Burns and La Borde have joined in Boudin's application, laying special emphasis on the alleged racial disparity in the jury pool.

In opposition to the motions, the District Attorney, *inter alia,* has submitted the results of his own survey which, designed in a manner substantially different from Boudin's, produces very different results.

We deny the motions as premature.

In *Irvin v Dowd* (366 US 717, 722-723), the Supreme Court wrote:

"In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors. The failure to accord an accused a fair hearing violates even the minimal standards of due process. * * * This is true, regardless of the heinousness of the crime charged, the apparent guilt of the offender or the station in life which he occupies * * *

"It is not required, however, that the jurors be totally ignorant of the facts and issues involved. In these days of swift, widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case. This is particularly true in criminal cases. To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court."

Thus, it has been held that pretrial publicity, even if pervasive and concentrated, does not necessarily lead to an unfair trial. (See, e.g., *Nebraska Press Assn. v Stuart,* 427 US 539, 565; *People v DiPiazza,* 24 NY2d 342, 347; *People v Harris,* 84 AD2d 63, 100.)

■ On the papers now before us, we are not convinced that the publicity surrounding this case is of so localized and incessant a nature, or that the atmosphere in Rockland County has become so emotionally charged, as to preclude the selection of a fair and impartial jury. (Cf. *People v Goldswer,* 39 NY2d 656, 663; *People v Culhane,* 33 NY2d 90, 110.) Rather, we conclude that a proper determination of the claim must await the results of *voir dire.* (See, e.g., *Darcy v Handy,* 351 US 454, 462; *United States v Haldeman,* 559 F2d 31, 60, cert den *sub nom. Ehrlichman v United States,* 431 US 933.) Accordingly, notwithstanding the submission of two conflicting surveys, the results of which in any event are far from conclusive, we hold that a pre-*voir dire* change of venue in this case is not warranted. (See *People v Coleates,* 53 AD2d 1018; *People v Gray,* 51 AD2d 889; *People v Sekou,* 45 AD2d 982, 984.)

■ We also find that the defendants have not made a sufficient showing of a disproportionately small number of blacks in the jury pool owing to a systematic exclusion of blacks therefrom. Moreover, where defendants challenge a

jury pool, they must move for relief, not in the Appellate Division, but in the County Court (see CPL 270.10).

Finally, we have been informed that measures have been and are being taken to insure adequate facilities for the trial.

Accordingly, for the foregoing reasons, the defendants' motions are denied. Defendants may renew their motions to change venue following *voir dire* if it should then reasonably appear that it is impossible to select an impartial and fairly constituted jury.

MOLLEN, P. J., DAMIANI, TITONE and LAZER, JJ., concur.

Motions denied. Defendants may renew their motions to change venue following *voir dire* if it should then reasonably appear that it is impossible to select an impartial and fairly constituted jury.