THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v KATHY BOUDIN et al., Defendants.

Second Department, October 5, 1983

### APPEARANCES OF COUNSEL

*Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P. C.* (*Leonard I. Weinglass* of counsel), for Kathy Boudin, defendant.

*Robert N. Isseks* for Samuel Brown, defendant.

*Kenneth Gribetz, District Attorney* (*Edward J. Meyer* of counsel), for plaintiff.

### OPINION OF THE COURT

*Per Curiam.*

In *People v Boudin* (90 AD2d 253) this court granted defendant Kathy Boudin's renewed application, joined in by codefendant Samuel Brown, and unopposed by the remaining four codefendants, for a pre-*voir dire* change of venue, and ordered removal of the entire action from the County Court of Rockland to the County Court of Orange County (see CPL 230.20, subd 2). On the eve of their Orange County trial, and after the completion of their codefendants' trial, Ms. Boudin and Mr. Brown ask us again, pre-*voir dire,* to change the site of their trial to a "large, metropolitan community", for essentially the same reasons previously asserted, viz., that intense local public-

ity, coupled with community-wide prejudice, make it impossible to select an impartial jury in Orange County. The applications are denied with leave to renew, if necessary, after the *voir dire*.

The facts of this case have been stated elsewhere (see 87 AD2d 133; 90 AD2d 253, *supra*), and need not be repeated. Suffice it to say that after the defendants' change of venue application was granted, we denied, upon reconsideration, Ms. Boudin's January, 1983, application to change venue to either New York, Kings or Queens County. In July, Ms. Boudin's application to sever her trial from that of codefendants Weems (Balagoon), Clark, and Gilbert, was granted, as had been a similar application by Mr. Brown. On September 15, after a trial by jury, codefendants Weems (Balagoon), Clark, and Gilbert, were found guilty as charged. They are awaiting sentencing.

To support their contention in the present applications, Ms. Boudin and Mr. Brown have submitted a plethora of news articles published in Orange County. Beginning on December 15, 1982, when removal to Orange County was ordered, to the present, the articles bear varying degrees of relevance to Ms. Boudin and Mr. Brown. In addition, the defendants have submitted edited portions of the *voir dire* of the codefendants' trial, assorted articles from the *Daily News, New York Post,* and *Time Magazine,* and copies of transcripts of what purports to be interviews of Orange County residents, including the Mayor of Goshen. The defendants also point to certain events, namely: the codefendants' trial and Ms. Boudin's marriage to convicted codefendant David Gilbert, which events, the defendants maintain, not only have generated additional publicity but have aggravated the community's prejudice against them.

In *People v Boudin* (90 AD2d 253, 260, *supra*), we granted the pre-*voir dire* application because we were convinced "by the record before us [that] the process of jury selection in Rockland County, which will undoubtedly be both protracted and burdensome, will in all likelihood prove futile". Our conclusion was compelled by the combination of two factors, viz. (p 258), the "intensive, localized, continuing and prejudicial publicity surrounding Ms. Boudin's prosecution" and (p 261) the "evidence of strong

and deeply held community bias against the defendants in that county". That bias was then described by Ms. Boudin's counsel as the community's "inextricable involvement on a deeply personal level into the matrix of this case" (p 261).

We have carefully reviewed the documentary evidence submitted in support of the present applications. Comparison with the evidence presented in support of the prior application convinces us that qualitatively and quantitatively the publicity in Orange County is not of the same calibre. Nor are we persuaded by the evidence submitted that there exists in Orange County a " 'pattern of deep and bitter prejudice' " against the defendants arising out of the community's " 'inextricable involvement on a deeply personal level into the matrix of this case' " (*People v Boudin*, 90 AD2d 253, 261, *supra*), comparable to that which we found to exist in Rockland County. We are extremely loathe to create a rule that would require the shifting of all small county trials of a sensational nature to larger counties. The sounder course would be to await the results of the forthcoming *voir dire*.

We conclude therefore that change of the trial site at this stage of the proceedings is unwarranted. Accordingly, the defendants' applications for a change of venue are denied, with leave to renew, if necessary, after completion of the *voir dire*.

MOLLEN, P. J., DAMIANI, LAZER, MANGANO and GIBBONS, JJ., concur.

Applications denied with leave to renew the applications for change of venue, if necessary, after the completion of the *voir dire*.