## (November 23, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WIESE, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered November 13, 1980, upon a verdict convicting defendant of the crime of assault in the second degree. Defendant was convicted of participating in the beating of Patrick O'Connell on July 15, 1979, at approximately 1:00 A.M., following a street celebration known as the Pine Hills Festival. When O'Connell went to the aid of a boy who was being beaten, he himself was attacked and seriously injured by four to eight persons, some of whom were wearing shirts bearing the phrase "Freedom Riders". At trial, defendant was identified as one of O'Connell's assailants by the girlfriend of Paul Haran, a man who went to O'Connell's aid. Haran's testimony placed defendant in a group pummeling and kicking O'Connell. Other witnesses also located defendant at the scene of the assault. Approximately 10 minutes after the attack,

defendant left in a white pickup truck which carried a motorcycle that had been rendered inoperable when Haran kicked it because it was driven perilously close to the incapacitated O'Connell. Later that day a police inspector, inquiring for defendant at the latter's home, though unable to find him, discovered and confiscated two motorcycles, one with a damaged front end, in defendant's yard. On June 12, 1980, an arrest warrant, issued for defendant on August 2, 1979, was executed in New York City. At the time of arrest, defendant was using the alias Gregory Murray and carried a learner's driving permit issued in that name. It is the prosecution's use of this permit at trial which prompts this appeal. Defendant contends it should not have been received into evidence because (1) it was not produced before trial pursuant to defendant's discovery demand made in accordance with CPL article 240, (2) it was irrelevant to the issue of flight and (3) the evidence of flight was so weak that the issue should not have been submitted to the jury. We affirm. Initially, we note not only that the prosecutor himself was unaware of the permit's existence until the time of trial, but also that defendant suffered no prejudice from the fact that the permit was not disclosed earlier; obviously he knew it existed for it had been taken from him at the time of his arrest. Moreover, testimony of the investigating officer who brought defendant from New York City that defendant was using an alias at the time of his arrest was already before the jury. In contrast to *People v Brown* (104 Misc 2d 157, 164), discovery of the permit was not vital to the preparation of the defense in this case. Inasmuch as the record justifies inferring that immediately following the assault defendant disappeared from his Pine Hills residence, that police efforts to locate him were unsuccessful, and that when he was apprehended he was employing a fictitious name, the permit, confirming that alias, cannot be said to be irrelevant to the issue of flight. That the trial court properly submitted the flight issue to the jury is borne out by the fact that there was eyewitness testimony of defendant's participation in the assault upon O'Connell; evidence of defendant's flight was thus admissible to corroborate this testimony (*People v Reddy*, 261 NY 479, 486). Judgment affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.