THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v KATHY BOUDIN et al., Defendants.

Second Department, December 2, 1983

### APPEARANCES OF COUNSEL

*Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P. C. (Leonard I. Weinglass* of counsel), for Kathy Boudin, defendant.

*Robert N. Isseks* for Samuel Brown, defendant.

*Kenneth Gribetz, District Attorney (John S. Edwards* of counsel), for plaintiff.

### OPINION OF THE COURT

*Per Curiam.*

This is a renewed application for a change of venue brought by the defendant Kathy Boudin and joined in by her codefendant Samuel Brown. It is brought as a consequence of an earlier decision of this court (*People v Boudin,* 95 AD2d 463), wherein it was concluded that while a change of the trial site at that stage of the proceedings was

not warranted, the defendants might renew their application after the completion of the *voir dire* of potential jurors.

We now conclude, based upon the circumstances that have occurred since the last application was denied, that the defendants have satisfactorily demonstrated that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Orange County (CPL 230.20, subd 2).

The Supreme Court of the United States has expressed its concern that a fair and impartial jury cannot be drawn in a community where "most veniremen will admit to a disqualifying prejudice" (*Murphy v Florida,* 421 US 794, 803), because "it is * * * more probable that they [the veniremen] are part of a community deeply hostile to the accused, and more likely that they may unwittingly have been influenced by it" (*Murphy v Florida, supra,* p 803; see, also, *Irvin v Dowd,* 366 US 717). To our knowledge no court has articulated a bright-line test whereby a fixed percentage of veniremen expressing a preconceived opinion, standing alone, requires a change of venue. We decline to adopt such a test today. Rather, as recently noted by the United States Court of Appeals for the Fifth Circuit, "detection of actual prejudice is not accomplished through juggling statistics" (*United States v Dozier,* 672 F2d 531, 546, cert den __ US __, 103 S Ct 256; see *Yount v Patton,* 710 F2d 956, 978 [GARTH, J., concurring], cert granted __ US __ [Oct. 19, 1983]).

Evaluating the totality of the circumstances of this case (see *Murphy v Florida, supra*), including the nature of the crimes charged, the fact that the movants' former codefendants have recently been tried for the same crimes in Orange County, the nature and extent of the pretrial publicity (most significantly the publicity since the completion of the previous trial and the former codefendants' sentencing, which occurred two days after the last application), and the size and homogeneity of the community combined with the percentage of veniremen having expressed an opinion which they cannot set aside, we are convinced that the stringent standards necessary for a change of venue have now been met.

We stress that our determination does not in any way depart from the principles and conclusions expressed in our previous decisions. While some of the factors alluded to were present when we considered the earlier applications, it is the combination of all the factors, especially those occurring since the last application, which we find to be controlling.

In our view, there is no purpose to be achieved by awaiting the results of a completed *voir dire*. The initial screening of potential veniremen has been completed. It is conceded that 1,172 out of 2,115 persons, or approximately 55% of the persons questioned, acknowledged a preconceived opinion about the case which they could not set aside. Approximately 430 persons indicated by their silence that they did not believe themselves to be prejudiced against the defendants. The District Attorney's assertion that 12 jurors may ultimately be found who will steadfastly maintain their impartiality is, under the circumstances of this case, beside the point. As noted above, such assertions have been held to be inherently suspect (cf. *Smith v Phillips*, 455 US 209).

In addition, since the denial of the last application each of the applicants' former codefendants was sentenced to three consecutive terms of imprisonment, aggregating 75 years to life, sentences which, despite their severity, produced local editorial appeals for the reinstatement of the death penalty in similar cases. This is particularly the kind of "invidious" publicity, tending " 'to arouse ill will and vindictiveness' " which has caused considerable judicial concern (*Calley v Callaway*, 519 F2d 184, 206, cert den *sub nom. Calley v Hoffman*, 425 US 911, quoting from *Beck v Washington*, 369 US 541, 556).

Accordingly, the renewed applications should be granted to the extent that the venue of the action against the defendants Brown and Boudin under consolidated Rockland County indictments Nos. 81-285 and 82-6 should be removed from the County Court of Orange County to the County Court of Westchester County. We note that the defendants have conceded that Westchester County is an appropriate site for their trial, agreeing that its population is of sufficient size and heterogeneity to ensure the selec-

tion of a fair and impartial jury. The County Clerk of the County of Orange should be directed to transfer the file under said indictment numbers as against said defendants to the County Clerk of the County of Westchester, and the Sheriff of Orange County should be directed to transfer custody of those defendants to the Sheriff of Westchester County (CPL 230.20). In all other respects, the applications should be denied as academic.

TITONE, J. P., MANGANO, THOMPSON and BROWN, JJ., concur.

Renewed applications granted to the extent that the venue of the action against the defendants Brown and Boudin under consolidated Rockland County indictments Nos. 81-285 and 82-6 is removed from the County Court of Orange County to the County Court of Westchester County; the County Clerk of the County of Orange shall transfer the file under said indictment numbers as against said defendants to the County Clerk of the County of Westchester, and the Sheriff of Orange County is directed to transfer custody of those defendants to the Sheriff of Westchester County (CPL 230.20). In all other respects, applications denied as academic.