■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH J. KEHN, Appellant. — Main, J. Appeal from a judgment of the County Court of Saratoga County (Brown, J.), rendered June 17, 1983, upon a verdict convicting defendant of the crimes of burglary in the third degree and criminal possession of stolen property in the third degree.

Defendant was indicted for burglary in the third degree for an October 1, 1982 incident at Charity's Pub in the Town of Halfmoon, Saratoga County, and for criminal possession of stolen property in the third degree after items which had allegedly been stolen in a previous larceny were found in a car following defendant's purported consent to search the car. After a jury trial, defendant was found guilty as charged and sentenced to concurrent jail terms of 1½ to 7 years on the burglary conviction and one year on the stolen property conviction. This appeal followed.

Initially, we find no merit to defendant's claim that County Court erred in failing to charge, as requested, criminal trespass

in the third degree as a lesser included offense of burglary in the third degree. To be sure, criminal trespass in the third degree as then defined by Penal Law § 140.10 (a) was a lesser included offense of burglary in the third degree (*People v Blim,* 63 NY2d 718, 720; *People v Martin,* 59 NY2d 704, 705), but a lesser included offense should be charged only if, under any reasonable view of the evidence, a jury could find that the defendant committed the lesser crime but not the greater (CPL 300.50 [1], [2]). Defendant argues that the evidence of his intoxication at the time of the alleged crime negated the specific intent which distinguishes burglary in the third degree from criminal trespass in the third degree and, thus, provided a reasonable view of the evidence that only criminal trespass in the third degree was committed. We disagree.

Defendant testified that he passed out from drinking alcohol while a passenger in a car in the City of Troy prior to the time of the burglary at Charity's Pub, that he did not awake until the morning of October 1, 1982 in the Saratoga County Jail, and that he did not remember being at Charity's Pub or giving a statement to the police admitting his involvement in the burglary. Under defendant's testimony, then, there is no evidence that defendant was at Charity's Pub or that he committed even criminal trespass in the third degree. The testimony of the policemen who arrested and interrogated defendant places him at Charity's Pub and reveals that defendant, though obviously having been drinking, was not intoxicated. This testimony further indicates that defendant's statement, which presents facts supporting the burglary, was not coerced and was voluntary. Under this testimony, defendant could be found to have committed burglary in the third degree. Inasmuch as we can see no rational basis upon which the jury might have credited so much of the policemen's testimony as placed defendant at Charity's Pub and rejected so much thereof as revealed defendant not to be intoxicated, the policemen's testimony must be believed or disbelieved in whole (*People v Blim, supra,* pp 720-721). Thus, a reasonable view of the evidence supports the conclusion that defendant committed either burglary in the third degree or no crime at all, and County Court did not err in failing to charge criminal trespass in the third degree as a lesser included offense.

We also find no cause to reverse on the basis of County Court's determination that defendant's alcoholism counselor could not testify as an expert on the subject of alcohol blackouts and that medical psychiatric testimony was necessary. Although the counselor's credentials and experience qualified her as an expert (*see, e.g., Meiselman v Crown Hgts. Hosp.,* 285 NY 389, 398), and

it is settled that expert medical testimony need not come from a licensed doctor (*People v Rice,* 159 NY 400, 410), the counselor's testimony would have been cumulative to other testimony, rejected by the jury, that defendant was intoxicated. Indeed, jurors have been recognized as being "familiar with the effects of alcohol on one's mental state" (*People v Cronin,* 60 NY2d 430, 433). Reviewing the record in a light most favorable to the People because of the conviction (*People v Kennedy,* 47 NY2d 196, 203), there is overwhelming proof of defendant's guilt and no significant probability that the jury would have acquitted defendant; therefore, any error in this regard must be considered harmless (*People v Crimmins,* 36 NY2d 230, 241-242).

We further find no merit to the other claims of error urged upon us by defendant. The motion for severance of the crimes charged in the indictment was not timely made and, thus, County Court did not err in denying defendant's motion for separate trials (*see,* CPL 255.10 [1] [g]; 255.20 [1]; *see also, People v Johnson,* 112 Misc 2d 578). There was no abuse of discretion in County Court's ruling on defendant's *Sandoval* motion, for County Court limited the questioning of defendant to only some of the prior crimes and gave cautionary instructions as to the proper use of the prior crimes (*see, People v Pavao,* 59 NY2d 282, 292). Furthermore, the fact that the prior crimes are similar to the charged crimes is insufficient to automatically preclude questioning about the prior crimes (*supra*). Defendant's claim that County Court erred in admitting into evidence his inculpatory statement and the toolbox seized from his car because he was too intoxicated to understand the nature of his actions when he signed the statement and consent to a search is refuted by the testimony of the policemen, which supports County Court's conclusion that defendant was sufficiently sober to have understood his rights and to have acted voluntarily, knowingly and intelligently when he made the inculpatory statement and consented to the search of the car.

There is also no merit to defendant's contention that County Court erred in denying his motion to preclude the introduction into evidence of a pair of gloves, cassette tapes and a screwdriver which were discovered on defendant's person at the time of his arrest. County Court properly recognized that the People failed to comply with defendant's demand to produce with regard to these items, but the extreme sanction of preclusion is warranted only where undue prejudice will result from the failure to produce (*see, People v Brown,* 104 Misc 2d 157, 163-165). The only prejudice alleged from the failure to disclose these items is that defendant was prevented from analyzing the screwdriver to

determine whether it was used for prying during the burglary. However, the record reveals that, upon disclosure, defendant did not seek a continuance to have the screwdriver tested. In the absence of any undue prejudice and in light of the fact that defendant knew of the existence of the items since they were taken from him (*see, People v Wiese,* 97 AD2d 903, 904), County Court's failure to grant defendant's motion to preclude was not an abuse of discretion requiring reversal.

We further find that there was no prejudice to defendant resulting from the prosecutor's failure to provide the arresting officer's activity report before trial and, therefore, it was not error for County Court not to have declared a mistrial when the report was produced. We note that defendant was provided with the report before he presented his direct case, but never attempted to call the arresting officer or to introduce the report for impeachment purposes. We also conclude that there was sufficient evidence to support defendant's conviction beyond a reasonable doubt. Finally, considering defendant's criminal record and the fact that he received less than the maximum sentence, modification of the sentence imposed is not warranted.

Judgment affirmed. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.