■ DAVID M. FITZPATRICK, Appellant, v A. C. TELECONNECT CORP., Respondent.—Supplemental judgment unanimously affirmed without costs for reasons stated in memorandum decision at Supreme Court, Connell, J. (Appeal from supplemental judgment of Supreme Court, Monroe County, Connell, J.—declaratory judgment.) Present—Dillon, P. J., Callahan, Denman, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCO PAGANO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that reversal is mandated by the trial court's failure to preclude admission of a tape recording which the People failed to produce in a timely manner in response to a discovery demand (CPL 240.20). The trial court found the People had complied with this demand by making a diligent good-faith effort to ascertain the existence of this property (CPL 240.20 [2]). We see no grounds for disturbing this determination. Further, even were we to conclude that the People were not sufficiently diligent, preclusion is not warranted as defendant received the tape prior to the prosecutor's opening statement, and no undue prejudice resulted from this delay *(People v Kehn,* 109 AD2d 912, 914).

Defendant also contends that misconduct by the prosecutor in his cross-examination of defendant and on summation warrants reversal. Defense counsel either did not object to these actions or his objections were sustained, and no request was made for a curative instruction or mistrial. Consequently, these errors have not been preserved for our review (CPL 470.05 [2]; *People v Dawson,* 50 NY2d 311, 324; *People v McCormick,* 100 AD2d 723). We decline to exercise our discretion to review these alleged errors in the interests of justice.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Oneida County Court, Buckley, J.—criminal possession of controlled substance, third degree.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.