(May 17, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, v DAVID MC-CLARY, Defendant.—Motion by the defendant for a change of venue of his trial on Queens County indictment No. 1662/88 from Queens County to another county to be designated by this court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is.

Ordered that the motion is denied.

Following the completion of jury selection at his trial on

Queens County indictment No. 1662/88, the defendant has moved pursuant to CPL 230.20 (2) for a change of venue. The defendant claims that he cannot obtain a fair and impartial trial in Queens County on charges arising out of the murder of New York City Police Officer Edward Byrne. The People oppose the application. We conclude, based upon the papers submitted by both sides, that the defendant has failed to demonstrate that he cannot obtain a fair and impartial trial by reason of pretrial publicity.

On February 26, 1988, Officer Byrne was shot to death while he sat in his patrol car in Jamaica, Queens, guarding the home of a witness in a drug case. It is the theory of the prosecution that Officer Bryne was executed on orders of a reputed drug kingpin in retaliation for the latter's arrest, conviction and imprisonment on gun possession charges. Four individuals were charged with murder in the second degree as a result of this crime—three codefendants, Scott Cobb, Todd Scott and Philip Copeland, who were previously tried and convicted—and the defendant.

The killing of Officer Byrne has been the subject of pervasive and, at times, highly emotional media coverage. News coverage intensified during the recent month-long trial of the codefendants, culminating in their conviction on March 29, 1989. The killing of Officer Byrne has also been the subject of much editorial comment decrying the brazen violence employed by those immersed in drug trafficking. The killing has served as a rallying cry for those who seek the reimposition of the death penalty.

The defendant contends that the effect of the extensive publicity surrounding the death of Officer Byrne and the prosecution of the codefendants makes it impossible for him to receive a fair and impartial trial in Queens County and therefore a change of venue is required. We disagree.

The defendant has not established "reasonable cause to believe that a fair and impartial trial cannot be had" (CPL 230.20 [2]) in Queens County. As the defendant readily admits, this court has never adopted a "bright-line test whereby a fixed percentage of veniremen expressing a preconceived opinion, standing alone, requires a change of venue" (*People v Boudin*, 97 AD2d 84, 85). Rather, we must look at the totality of the circumstances (*Murphy v Florida*, 421 US 794). "[P]retrial publicity, even if pervasive and concentrated, does not necessarily lead to an unfair trial" (*People v Boudin*, 90 AD2d 253, 255). As the United States Supreme Court recognized in

*Irvin v Dowd* (366 US 717, 722-723): "It is not required, however, that the jurors be totally ignorant of the facts and issues involved. In these days of swift, widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case. This is particularly true in criminal cases. To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court."

More than half of the jurors summoned and available, and, of course, all of the seated jurors, have indicated that despite any prior knowledge they can fairly judge the defendant on the evidence to be presented. The defendant does not complain that the jurors have been exposed to prejudicial material or evidence which would be inadmissible upon his trial *(cf., People v Brensic,* 136 AD2d 169, 173; *People v Boudin,* 90 AD2d 253, 258-259, *supra)* or that the Trial Judge has exhibited any bias against him *(cf., People v Brensic, supra).* On the record before us we see no basis upon which to conclude that the defendant cannot receive a fair and impartial trial in Queens County. Mollen, P. J., Mangano, Thompson, Brown and Lawrence, JJ., concur.