(June 8, 1989)

▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS RYAN, Appellant.—Motion by the defendant for a change of venue of his trial on Suffolk County indictment No. 2470/81 from Suffolk County to another county to be designated by this court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and after having heard the parties on oral argument, it is,

Ordered that the motion is denied.

The defendant has moved pursuant to CPL 230.20 (2) for a change of venue of his trial on Suffolk County indictment No. 2470/81 on the ground that it has been established, at the completion of jury selection, that he cannot obtain a fair trial in Suffolk County. The charges against the defendant arise out of his participation along with three codefendants Robert Brensic, Michael Quartararo, and Peter Quartararo in the brutal murder of John Pius in 1979.

This crime in which the 13-year-old victim died was highly publicized during the course of the original trials which led to the conviction of all four defendants on charges, *inter alia,* of murder in the second degree. Following the convictions, the case continued to draw considerable media attention as a result of the fact that the convictions of three of the defendants, including Ryan, were overturned, and new trials were ordered *(People v Brensic,* 70 NY2d 9; *People v Ryan,* 121 AD2d 34, *vacated upon rearg* 134 AD2d 300; *Quartararo v Fogg,* 679 F Supp 212).

The defendant argues that because of the extensive publicity which has attended this case over the last 10 years, including the publicity concerning this retrial, it is impossible for him to receive a fair trial in Suffolk County. In support of his application, he argues that a substantial number of the potential jurors questioned during voir dire had to be disqualified because they had formed an opinion based upon a prior knowledge of the case, and that, further, a significant number of those remaining had prior knowledge of the case, although they expressed the view that they could remain fair and impartial.

We disagree with the defendant's contention that there is "reasonable cause to believe that a fair and impartial trial cannot be had" (CPL 230.20 [2]) in Suffolk County. There is no bright-line test which requires a change of venue based solely upon the fact that a fixed percentage of the veniremen have expressed a preconceived opinion about the case *(see, People v McClary,* 150 AD2d 631; *People v Boudin,* 97 AD2d 84). Rather, what is required is an examination of the totality of the circumstances to determine whether the pretrial publicity has so permeated the community as to render it impossible to obtain a fair and impartial trial *(see, Murphy v Florida,* 421 US 794; *People v McClary, supra; People v Boudin, supra).* We are satisfied from the record before us that the publicity which has attended this case has not so permeated the com-

munity of Suffolk County as to prevent the defendant from receiving a fair and impartial trial. This is particularly true in light of the fact that more than half the jurors questioned, according to the defendant's figures, have expressed an ability to fairly judge the defendant based upon the evidence in the case, despite any prior knowledge they may have of the case *(see, People v McClary, supra).*

While this court, in granting a change of venue to the codefendant Robert Brensic, pointed to the significant publicity attendant to the case as one of the factors warranting the change *(People v Brensic,* 136 AD2d 169), that decision is distinguishable from the instant application in several respects. First, the application in *Brensic* was made during a period when there was renewed heightened publicity concerning the case, based not only upon the fact that Brensic was about to be retried, but also upon the fact that new trials had recently been ordered both for the defendant Ryan by this court *(People v Ryan,* 134 AD2d 300, *supra)* and for Michael Quartararo by the United States District Court for the Eastern District of New York *(Quartararo v Fogg, supra).* It is now over 14 months since the *Brensic* decision, and while there has been some renewed publicity, it is not extensive. Moreover, unlike the *Brensic* application, which was supported by the People who argued that a change of venue was necessary to protect the defendant's right to a fair trial, there has been no such concession by the People in this instance. To the contrary, the People vigorously contest this application. Further, another compelling factor supporting the court's determination in *Brensic* was the significant publicity concerning the alleged bias of the Trial Judge against both the police and the prosecutor's office *(see, People v Brensic, supra,* at 175-176), an element which does not exist in the present matter.

Accordingly, under the totality of circumstances in this case, we conclude that the defendant has failed to demonstrate a "reasonable cause to believe that a fair and impartial trial cannot be had" (CPL 230.20 [2]) in Suffolk County. Bracken, J. P., Brown, Kunzeman and Rubin, JJ., concur.