■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BLOOMFIELD, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered May 19, 1988, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant, an inmate at Elmira Correctional Facility in Chemung County, was tried for assaulting a correction officer who had entered defendant's prison cell in order to extinguish a fire. Following a jury trial, defendant was found guilty of assault in the second degree and sentenced as a second felony offender to an indeterminate term of 3½ to 7 years' imprisonment, to be served consecutively with the sentence defendant was then serving. This appeal followed.

Defendant principally contends that County Court erred by denying both his request for a change of venue in his case and for a stay of the trial pending such an application. Significantly, we note that both applications were improper because they were brought before the wrong court using improper procedures (see, CPL 230.20, 230.30). However, assuming these motions were properly brought, we find no error in their denial. Defendant based his change of venue request upon the fact that some of the jurors indicated during voir dire that they had read a newspaper clipping in the Elmira Star Gazette briefly describing the upcoming trial. Of all the jurors who said they had read the article, all expressed an ability to fairly judge the case based upon the evidence alone (see, People v Ryan, 151 AD2d 528). Notably, the only prospective juror who equivocated on the subject was excused for cause and that was principally because that juror had also heard about the incident from his son, a correction officer. As aptly noted by County Court, the only remotely prejudicial aspect of the article in question was a reference to what defendant's possible punishment might be if convicted. Under these circumstances we cannot endorse defendant's contention that

pretrial publicity made a "fair and impartial" trial impossible (CPL 230.20 [2]; *see, People v Zehner,* 112 AD2d 465, *lv denied* 66 NY2d 619).

Defendant's remaining arguments have been examined and have been found to be unpersuasive.

Judgment affirmed. Mahoney, P. J., Kane, Levine, Mercure and Harvey, JJ., concur.