■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
WILLIE BOSKET, Appellant.—Weiss, J. Appeal from a judgment
of the County Court of Ulster County (Vogt, J.), rendered
April 19, 1989, upon a verdict convicting defendant of the
crimes of attempted murder in the first degree, assault in the
first degree, criminal possession of a weapon in the third
degree and promoting prison contraband in the first degree.

Defendant, while being interviewed by a reporter, excused
himself to use the restroom. He did not return to the inmate
side of the area, but rather went through a metal gate and
down the visitor's aisle. When he reached the desk where
Correction Officer Earl Porter was preparing records for the
afternoon visitation session, defendant stabbed Porter from
behind with a hooked shank. Defendant acknowledged his role
in the attack in a letter to a prison official. At trial he acted
as his own attorney and in his opening remarks again ac-
knowledged that he had stabbed Porter and expressed regret
that he had *not* killed him.

On this appeal defendant first contends that the People
failed to prove a necessary element of the attempted murder
count (Penal Law §§ 110.00, 125.27), specifically, that he was
over 18 years of age at the time of the crime. While mere
observation of an adult, standing alone, is insufficient to meet
the People's affirmative burden of proof where the age of a
defendant is an element of a crime (*People v Blodgett,* 160
AD2d 1105), here the People documented defendant's age with
governmental (Department of Correctional Services) records
clearly indicating his date of birth to be December 9, 1962,
making defendant's age in excess of 25 years at the time of
the crime. We find that defendant's age was appropriately
established.

Defendant next contends that he was deprived of a fair trial
by County Court's denial of his challenges for cause to four
jurors. The challenges were to: Janet Moore, whose son had
been beaten and mugged by three individuals of defendant's
race; Janice Kelly, whose brother-in-law was a police officer in
the Midwest and whose friend's husband was a correction
officer; Roy Rhodes, whose job as a truck driver involved some
deliveries to State prisons; and Eileen Brophy, who was aware
that defendant was previously convicted of a subway murder
as a result of reading a recent newspaper and who herself had
been the victim of a robbery by an individual of defendant's
race. Each juror unequivocally declared that the information
would not affect their ability to render a fair and impartial
verdict. The four jurors had only tangential connections to

topics associated with the criminal justice system and showed no apparent prejudice or predisposition *(see, People v Williams,* 63 NY2d 882). There was no suggestion of any actual bias *(see, People v Torpey,* 63 NY2d 361, 367; *People v Biondo,* 41 NY2d 483, 484-485, *cert denied* 434 US 928). Nor need a prospective juror be totally ignorant of the facts and issues involved *(People v Butts,* 140 AD2d 739, 740). Similarly, an awareness of newspaper accounts of the crime and the accused does not render a juror ineligible to serve where she has indicated her ability to render an impartial verdict *(supra).* We hold that County Court did not err in denying the challenges for cause.

Defendant's remaining contention is that he was severely prejudiced by the requirement that he conduct the trial while shackled. While a defendant may not be shackled in the presence of the jury in the absence of a rational or justifiable basis in the record showing a proper exercise of discretion by the trial court *(People v Gonzalez,* 115 AD2d 899, 901, *appeal dismissed* 68 NY2d 995), here County Court had ample basis to find that defendant was a viable threat to the safety and security of the courtroom. The court had before it defendant's violent criminal history, extremely assaultive prison behavior, the sheer brutality of the instant charge and a letter of hatred toward the criminal justice system, and it gave appropriate instructions to the jury.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.