■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL WRIGHT, Appellant.—Judgment, Supreme Court, New York County (Joan B. Carey, J.), rendered November 13, 1990, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

The hearing court's finding that defendant was not in custody prior to his being given *Miranda* warnings should not be disturbed. "Where there are different inferences that can be drawn from the facts, the choice is for the trier of the facts and should be honored unless unsupported as a matter of law" *(People v McNeeley,* 77 AD2d 205, 208-209). Defendant's presence at the precinct for nearly two days is not determinative *(see, People v Centano,* 153 AD2d 494, 495, *affd* 76 NY2d 837). Rather, the test of whether a defendant is in custody is what a reasonable person, innocent of any crime, would have thought had he been in defendant's position *(compare, supra, with People v Byers,* 71 AD2d 77, and *People v Balint,* 92 AD2d 348).* Defendant voluntarily appeared at the precinct, he was not restrained while there, he was given food and cigarettes and allowed to sleep, and the questioning was not continuous.

Defendant, emphasizing that he was shoeless between the time that a detective noted dark stains on his sneakers and

his friend arrived at the precinct with a replacement pair, argues that he was confronted with incriminating evidence during this time, but the record supports the hearing court's credibility determination that the detective wanted the sneakers to test them for blood and that defendant voluntarily relinquished them when another pair was made available.

Defendant also argues that the tenor of the investigation impels a finding that he was in custody, but the police view of the facts is not determinative, and the record does not show that the detectives conveyed their suspicions to defendant. Certainly, the detectives did not accuse defendant of the crime. In this regard, defendant's statement that he believed the door to the interview room was locked is contradicted by the evidence that he had relative freedom to move about, and there is no basis to find that defendant was precluded from trying the door. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.