■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAUREEN HIGGINS, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered September 16, 1991, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

Defendant was indicted for manslaughter in the first degree in violation of Penal Law § 125.20, arising from an incident occurring on August 12, 1990 in the Town of Wawarsing, Ulster County, where defendant, during a physical confrontation, shot and stabbed decedent causing his death. Defendant, decedent, decedent's wife and Patrick McNamee, a friend of decedent, were camping at a park when decedent and defendant began arguing over the lack of kerosene for a campfire and the return to defendant of her knife. The argument escalated into a physical confrontation, which McNamee broke up. Then, McNamee testified, after he and decedent's wife went to collect kindling for the fire, he heard a shot. A minute or two later, McNamee found decedent on the ground, bleeding. Asked by McNamee if she had shot decedent, defendant replied that she had stabbed him. McNamee and decedent's distraught wife drove decedent to the hospital, where he was pronounced dead.

An autopsy revealed that decedent had a minor bullet wound in the region of the left buttock and seven stab wounds in his chest, side and shoulder. The pathologist testified that death was caused by the stab wounds to the chest, two of which were approximately three inches deep. Also entered into evidence was defendant's signed statement, in which she admitted the shooting and stabbing.

Defendant did not deny having killed decedent; her sole defense was justification. To establish this defense she called as her primary witness a psychiatrist who had treated defendant, and who opined that because of defendant's background (she had been sexually assaulted as a child), at the time of the physical confrontation with decedent, defendant felt that her life was in danger. Found guilty, as charged and sentenced to an indeterminate term of incarceration of 4 to 12 years, defendant appeals.

It is defendant's contention that County Court's instructions to the jury were inaccurate and misleading in several particulars, and that as a result the charge was rendered sufficiently defective as to mandate a reversal of the conviction. After reviewing the charge as a whole (see, People v Adams, 69 NY2d 805, 806), we disagree.

According to defendant, a critical error in the charge occurred when County Court referred to justification as an element of first degree manslaughter, rather than separately as a defense. Inasmuch as justification is a legal defense which must be disproven by the People, beyond a reasonable doubt, once it has been properly raised by the defendant, we are of the view that it was not error to include the absence of justification as an element of the crime charged (see, People v McManus, 67 NY2d 541, 549). In so doing, the court merely helps the jury to properly place the burden of proof.

Another of defendant's claims, also unavailing, is that County Court improperly instructed the jury on the law of justification as it applies to lesser included offenses, here manslaughter in the second degree and criminally negligent homicide. Although, when considered alone, these passages in the charge are somewhat ambiguous, when considered in context the correct standard clearly emerges. The court repeatedly and consistently instructed the jury that a finding of justification would preclude a guilty verdict on any of the offenses charged; furthermore, when the lesser included offenses were discussed, the court reiterated that only if defendant was found not guilty of the greater offense for a reason other

than justification, was the jury to consider the lesser offense. When defendant took exception to this aspect of the charge as given, County Court again explained to the jury that if at any point they determined that the People had not disproved the elements of justification, deliberations were to cease and a verdict of not guilty was to be rendered. To the extent that there may have been some inconsistencies in the court's charge respecting the lesser offenses, any error occasioned thereby is of no moment because defendant was found guilty of the greater offense.

As for the other ambiguities, misstatements and minor errors in the charge adverted to by defendant, they were either explicitly and satisfactorily corrected (see, *People v Williams,* 46 NY2d 1070, 1071) and/or overshadowed by so many recitations of the correct standard as to be rendered harmless, or were unchallenged and hence not preserved for review.

Furthermore, there having been no objection to the line of questioning—only a single objection to an isolated question, which was sustained—nor any request for a curative instruction or a bench conference, defendant's claim that County Court improperly permitted the prosecutor to question defendant's psychiatrist regarding the doctor's failure to disclose potentially exculpatory information to law enforcement authorities when it first became known to her is also unpreserved for review (see, *People v Dawson,* 50 NY2d 311, 316; *People v Pagano,* 135 AD2d 1102, *lv denied* 71 NY2d 1031).

With regard to defendant's request for a change of venue, we find County Court's denial of that request to have been a proper exercise of discretion. Newspaper or radio coverage, even though extensive, is not enough to warrant a change of venue; only when the publicity is so sensational or so pervasive that the defendant cannot obtain a fair and impartial trial must such a motion be granted (*People v DiPiazza,* 24 NY2d 342, 347). There is absolutely no evidence that the jurors who actually heard this case were anything other than impartial and unbiased. Moreover, it is not without significance that the defense used only 6 of the 15 peremptory challenges available to it (see, *People v Parker,* 60 NY2d 714, 715; *People v DiPiazza, supra,* at 348).

Although defendant urges that her mental condition warrants a lenient sentence, it is noteworthy that at no point has she raised the defense of diminished capacity. It is also significant that the jury did not accept her assertion that she perceived her life to have been in danger when she stabbed

decedent. In view of the intentional nature of her crime, and her propensity for antisocial and violent aggressive behavior, we consider the sentence imposed neither harsh nor excessive.

Mikoll, J. P., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.