(June 29, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. BOSKET, JR., Appellant. [629 NYS2d 296] —Spain, J. Appeal from a judgment of the County Court of Sullivan County (Aison, J.), rendered December 12, 1990, upon a verdict convicting defendant of two counts of the crime of assault in the second degree.

Defendant, while incarcerated at Woodbourne Correctional Facility (hereinafter Woodbourne) in Sullivan County, was

placed in handcuffs, leg irons and a waist chain whenever he used the recreation yard because of his violent propensities. In April 1989, while in the recreation yard, he surreptitiously removed the chain from his waist and gathered it up in his hand. While he was being escorted back to his cell he swung the chain and a padlock attached to the chain at one of the guards. The chain and padlock struck Correction Officer Ernest Auclair on the left hand and on the side of his head, causing a laceration to his head which required stitches to close. Auclair missed 14 days of work, suffered from severe headaches and received prescription medication for his injuries.

Defendant was indicted on two counts of assault in the second degree. Defendant moved for a change of venue which this Court denied. After a jury trial at which he represented himself, defendant was convicted of both counts of assault in the second degree and was sentenced as a persistent felon to two concurrent prison terms of 25 years to life, to run consecutive to the sentences he was serving. Defendant appeals.

We affirm. Defendant's first contention is that he did not receive a fair trial due to his notoriety and the extensive pretrial publicity surrounding his case; he asserts that his motion for a change of venue should have been granted. In support of his motion defendant, claiming that it was impossible for him to receive a fair trial, cited two newspaper articles published within a month after the chain incident which, in addition to discussing the pending assault charges, made reference to defendant's history of violence and a recent conviction for attempted murder in nearby Ulster County which drew considerable media attention. Defendant also cited a May 1989 newspaper article which is strongly supportive of defendant and is highly critical of the criminal justice system.[1] In further support of his argument, defendant asserts that approximately 49% of the jury panel was excused because they had formed an opinion based upon pretrial publicity, and an additional 22% were excused because of their personal relationships with law enforcement personnel or correction officers.

The record reveals a lengthy and exhaustive jury selection process which focused on the effects of pretrial publicity (*see, People v Zehner*, 112 AD2d 465, 467, *lv denied* 66 NY2d 619). There is no evidence of any bias or impartiality on the part of the jurors who were eventually selected and who heard the case, which went to trial almost a year and a half after the alleged adverse publicity (*see, People v Higgins*, 188 AD2d 839,

---

1. In contrast, this article arguably could have predisposed the prospective jurors to feel empathy for defendant.

841, *lv denied* 81 NY2d 972; *People v Ryan*, 151 AD2d 528, 530). In light of the totality of the circumstances in this case, defendant has failed to demonstrate that pretrial publicity so prejudiced the community as to render a fair trial in Sullivan County impossible (*see, People v Ryan, supra*, at 530).[2] Accordingly, we conclude, on the merits, that this Court's previous denial of defendant's motion for a change of venue was correct.

Defendant also contends that it was unfair and prejudicial for County Court to require that he appear in shackles before the jury. As we have held with respect to this defendant in the past, "County Court had ample basis to find that defendant was a viable threat to the safety and security of the courtroom" (*People v Bosket*, 168 AD2d 833, 834, *lv denied* 77 NY2d 904). Thus, under the circumstances of this case, County Court properly exercised its discretion (*see, People v Abrams*, 203 AD2d 723, 724, *lv denied* 83 NY2d 963; *People v Bosket, supra*, at 834). Defendant further contends that County Court's failure to give a preliminary instruction regarding his shackles was reversible error. Although defendant was entitled to a preliminary instruction that no adverse inference could be drawn against him because he was shackled during the trial (*see, People v Neu*, 124 AD2d 885, 885-886), County Court's curative instruction with respect to his shackles during the final charge was sufficient to neutralize any prejudice which may have occurred, especially since the jury was aware that defendant was already incarcerated (*see, People v Wong*, 163 AD2d 738, 739, *lv denied* 76 NY2d 992; *People v Larrabee*, 134 AD2d 855, *lv denied* 71 NY2d 898).

Defendant's argument, that the final jury charge regarding defendant as an interested witness was prejudicial because County Court failed to instruct that the correction officers were also interested witnesses, is unavailing in light of all of the instructions given to the jury in this case. Significantly, the question was not preserved for review since defendant failed to timely object, thereby depriving County Court of the opportunity to correct its charge (*see, People v Patterson*, 39 NY2d 288, 294-296, *affd* 432 US 197). Additionally, the jury was given the standard instruction on interested witnesses and was instructed that the testimony of correction officers should not be given more or less weight than any other witnesses; nothing

---

2. It is also significant that defendant never renewed his motion for a change of venue after his initial change of venue motion was denied by this Court, thereby failing to preserve his challenge to the trial's venue (*see, People v Parker*, 60 NY2d 714, 715; *People v Pepper*, 59 NY2d 353, 358; *People v Keefer*, 197 AD2d 915, *lv denied* 82 NY2d 897).

in the final charge suggested that defendant should be the only witness that the jury could find to be interested (see, People v Agosto, 73 NY2d 963, 967).

Defendant's remaining contentions regarding County Court's instructions have been considered and are found to be without merit. Any misstatements or minor errors in the preliminary instructions and final charge "were either explicitly and satisfactorily corrected * * * and/or overshadowed by so many recitations of the correct standard as to be rendered harmless, or were unchallenged and hence not preserved for review" (People v Higgins, 188 AD2d 839, 841, supra).

Finally, defendant's contention that he was denied sufficient access to legal materials was not preserved for appellate review (see, People v Patterson, supra). Furthermore, in view of defendant's history of violence, he has not demonstrated how he was prejudiced by a lack of physical access to the law library, especially when he was assigned a legal advisor and provided with two law books or journals per day from the law library (see, People v Marlowe, 167 AD2d 692, lv denied 77 NY2d 963; People v Hendy, 159 AD2d 250, 250-251, lvs denied 76 NY2d 736, 893).

Mercure, J. P., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed.