■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH SULLIVAN, Appellant. [691 NYS2d 581] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered July 11, 1997 in Ulster County, upon a verdict convicting defendant of the crimes of assault in the second degree and vehicular assault in the second degree (two counts).

In the early evening hours of April 29, 1996, defendant was traveling in the southbound lane of State Route 32 in the Town of Saugerties, Ulster County, when the pickup truck he was driving veered into the northbound lane and struck an oncoming vehicle, seriously injuring the operator of that vehicle. A subsequent investigation disclosed that defendant had a blood alcohol content of 0.14%. A jury trial convicted defendant as previously noted and he was sentenced to concurrent terms of 180 days in jail and five years' probation on each of the three counts. Defendant appeals.

Despite defendant's discovery request, the People failed to provide the defense with computer readouts and graphs (hereinafter the report) that were prepared in support of defendant's blood alcohol test* until the third day of trial. As a consequence, defendant sought to preclude introduction of the test results at trial and, alternatively, requested a continuance so that defendant's chemist could examine the report. Defendant maintains that Supreme Court's denial of both requests constitutes reversible error. We disagree.

---

* The test results themselves, however, were received timely by defendant.

The sanction to be imposed for the People's failure to comply with a discovery request is a matter committed to the sound discretion of the trial court (*see, People v Berry*, 235 AD2d 571, 572). In fashioning an appropriate sanction, "the overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society" (*People v Kelly*, 62 NY2d 516, 520). The People claimed, and Supreme Court, not inappropriately in our view, agreed that preclusion was not warranted, for defendant failed to establish how he was prejudiced by late receipt of the report (*cf., People v Corley*, 124 AD2d 390, 391), and that a continuance was not necessary because the report had been made available to the defense some 24 hours before the People's forensic expert was to be cross-examined. Furthermore, Supreme Court advised that if defendant deemed it necessary, the expert could be recalled at a point later in the trial. Given these circumstances, we cannot say that Supreme Court acted injudiciously in denying both requests.

Defendant's other arguments are also unavailing. By failing to object to Supreme Court's charge, he waived any claim with respect to the court's failure to instruct the jury that they must consider the crimes of vehicular assault in the second degree and assault in the second degree in the alternative (*see generally, People v Gray*, 86 NY2d 10, 18-19; *People v Geraci*, 254 AD2d 522, 524; *compare, People v Spurling*, 199 AD2d 624, 625). As for those of the prosecutor's remarks made during summation which defendant views as grievously prejudicial, we find that they either were not objected to and hence are not preserved for our review (*see,* CPL 470.05 [2]; *People v Parker*, 220 AD2d 815, 816, *lv denied* 87 NY2d 1023), constituted fair comment or are not so egregious as to necessitate a new trial (*see, People v Carter*, 227 AD2d 661, *lv denied* 88 NY2d 1067; *People v Parker, supra,* at 816). Nor are we persuaded that defendant did not receive effective assistance of counsel. A review of the record reveals that meaningful representation was provided to defendant throughout (*see, People v Baldi*, 54 NY2d 137, 146-147).

Cardona, P. J., Mikoll, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.

