■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v ROBERT SHEDRICK, Defendant. — Motion for change of venue denied. Memorandum: We conclude that defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Steuben County (CPL 230.20, subd 2). If it develops during the *voir dire* that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. (See *People v Di Piazza*, 24 NY2d 342; *People v Hatch*, 46 AD2d 721; *People v Sekou*, 45 AD2d 982, app dsmd 35 NY2d 844.) Present — Dillon, P.J., Cardamone, Hancock, Jr., Callahan and Moule, JJ.

■ H. EVEREST CLEMENTS, Appellant, v GANNETT CO., INC., et al., Respondents. — Motion for reconsideration of prior motion for extension of time to perfect appeal granted and upon reconsideration motion for extension of time denied. Memorandum: In view of the fact that appellant has been granted four previous extensions of time to perfect his appeal, the last providing that no further extension would be granted, we deny this application.

——

## (September 18, 1981)

■ In the Matter of BUFFALO COURIER-EXPRESS COMPANY, INC., Petitioner, v WILLIAM J. FLYNN, JR., as Justice of the Supreme Court of Erie County, et al., Respondents. (Proceeding No. 1.) — Petition unanimously denied, without costs. Memorandum: This is an original proceeding brought pursuant to CPLR 7804 (subd [b]) and 506 (subd [b]) in the nature of prohibition which seeks to enjoin respondent from enforcing his order which excluded the press and the public from pretrial hearings in a criminal proceeding entitled *People v Christopher*. Petitioners, various media of the Buffalo area, also seek further incidental relief, including immediate access to the transcript of pretrial proceedings already conducted. Having examined all material submitted in support of this application, including the transcript of the proceeding before respondent, we conclude that respondent has substantially complied with all procedural requirements set forth in recent decisions of the United States Supreme Court and the New York State Court of Appeals *(Richmond Newspapers v Virginia*, 448 US 555; *Gannett Co. v DePasquale*, 443 US 368; *Matter of Westchester Rockland Newspapers v Leggett*, 48 NY2d 430). In view of the nature of this criminal proceeding and its facts and circumstances, the exclusion of the press and public from the *Wade* and *Huntley* hearings in this case constituted a proper exercise of discretion. The public interest in reporting the events revealed at the pretrial hearings will be preserved by releasing the transcript as soon as it may safely be done without prejudice to defendant's rights to a fair trial. (Art 78.) Present — Cardamone, J. P., Simons, Hancock, Jr., Doerr and Schnepp, JJ. (Order entered Sept. 11, 1981.)

■ CAPITAL CITIES COMMUNICATIONS, INC., et al., Petitioners, and BUFFALO BROADCASTING CO., INC., Intervenor-Petitioner, v WILLIAM J. FLYNN, as Justice of the Supreme Court of Erie County, Respondent. (Proceeding No. 2.) — Petition unanimously denied, without costs. Same memorandum as in *Matter of Buffalo Courier-Express Co. v Flynn* (83 AD2d 988). (Art 78.) Present — Cardamone, J. P., Simons, Hancock, Jr., Doerr and Schnepp, JJ. (Order entered Sept. 11, 1981.)