OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed (90 AD2d 565).
 

 On May 18, 1981 defendant was convicted after a jury trial of murder in the second degree, robbery in the first degree and burglary in the first degree. On this appeal he contends that the judgment should be reversed and a new trial ordered because widespread pretrial publicity prevented him from receiving a fair trial. The issue was first presented by a motion for a change of venue to the Appellate Division before trial. It denied the application and we find no error in the court’s ruling at that stage of the proceedings. On the direct appeal from the judgment, defendant now renews his claim. The record on appeal does not contain a transcript of the jury selection proceedings. Thus, although there was extensive pretrial publicity concerning the homicide and defendant’s role in it, there is no record from which we may determine that counsel was unable to select a fair and impartial jury (see
 
 People v Di Piazza,
 
 24 NY2d 342). Proper procedure after denial of a motion for change of venue requires that a defendant attempt to select an impartial jury and that the proceedings be stenographically transcribed. At that time counsel could have attempted to establish by his questions and the answers to them that the extensive publicity made it impossible to select an impartial jury, if such was the fact, and upon said record the motion for change of venue could have been renewed and given proper consideration by the court (see CPL 230.20, subd 2; 255.20, subd 3;
 
 People v Shedrick,
 
 83 AD2d 988). An added factor for consideration would be whether or not the defendant exercised all of his allotted peremptory challenges in selecting a jury.
 

 
 *716
 
 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order affirmed in a memorandum.