OPINION OF THE COURT
Memorandum.
Ordered that the judgments of conviction are reversed, on the law, the order dated April 9, 2012 granting the People’s motion in limine to exclude any testimony or evidence by or on behalf of defendant of a preexisting nonconforming use of his premises is vacated, that motion is denied, the matter is remitted to the City Court for a new trial before a different judge, and the fines, if paid, are remitted.
In November 2010, five appearance tickets were issued to defendant directing him to appear in the City Court in connection with five separate informations, three of which charged him with violating Code of the City of New Rochelle § 331-11 (A). It was alleged in the first information that defendant did cause and/or allow the use of the second floor of a single-family home at 867 Weaver Street to be used as a separate dwelling unit. In the second information, it was alleged that defendant did cause and/or allow a single-family home at 867 Weaver Street to be used as a three-family dwelling. In the third information, it was alleged that defendant had caused and permitted the premises at 867 Weaver Street to be used for a purpose not in conformity with New Rochelle’s zoning ordinance in that the third floor of that premises was used as a separate dwelling structure. The two additional informations charged defendant with violating Code of the City of New Rochelle § 111-8. In one, it was alleged that defendant had two sheds and a deck at 867 Weaver Street for which there was no building permit. In the other, it was alleged that defendant had used an altered finished third floor of the premises at 867 Weaver Street for which there was no building permit.
Prior to trial, the People moved in limine to exclude “ ‘any testimony or evidence by or on behalf of [defendant regarding] a preexisting non-conforming use’ of the premises known as 867 Weaver Street, New Rochelle, New York” (People v DeRaffele, 35 Misc 3d 1211[A], 2012 NY Slip Op 50651[U], *1 *4 [New Rochelle City Ct 2012]). The People argued that defendant could not collaterally attack the determination by the building officials of the City of New Rochelle that defendant’s use of the property does not constitute a preexisting nonconforming use, as defendant had been required to appeal that determination to the New Rochelle Board of Appeals on Zoning, but had failed to do so. In opposition to the motion, defendant argued that the granting of the People’s motion would violate his procedural and due process rights, making it impossible for him to present his defense to the charges. The City Court granted the People’s motion (People v DeRaffele, 35 Misc 3d 1211[A], 2012 NY Slip Op 50651[U] [2012]), finding, among other things, that the right to present a defense is not absolute and that defendant could not collaterally attack in the City Court the appearance tickets, which it deemed administrative orders or determinations. The court stated that defendant’s avenue for challenging the Building Department’s determinations would have been to file an appeal with the Board of Appeals on Zoning.
At the ensuing nonjury trial, the People presented testimony from Deputy Commissioner of Development Paul Vacca to establish that defendant’s premises were zoned as a single-family dwelling and that defendant had used the premises as a multiple-family dwelling, resulting in the three charges of violating Code of the City of New Rochelle § 331-11 (A). During Vacca’s cross-examination, defense counsel was prohibited from eliciting testimony regarding whether defendant’s use of the premises as a multiple-family dwelling was a preexisting nonconforming use. Vacca testified that he, Vacca, did not have a certificate of occupancy for the premises with him, and he believed that no one had searched the City’s records for it. Additionally, testimony by the City’s Housing Inspector, William Giraldi, was offered to establish that defendant had violated Code of the City of New Rochelle § 111-8, in that defendant had erected two sheds and a deck, and had made alterations to the attic without obtaining a permit. Defendant was found guilty as charged and fined a total of $12,900.
On appeal, defendant contends, among other things, that he was deprived of his rights to a fair trial and to present a defense, as a result of the City Court’s order granting the People’s motion in limine to preclude him from eliciting evidence at trial that the premises had a preexisting nonconforming use.
*5 General City Law § 81-a (4) provides:
“Hearing appeals. Unless otherwise provided by local law or ordinance, the jurisdiction of the board of appeals shall be appellate only and shall be limited to hearing and deciding appeals from and reviewing any order, requirement, decision, interpretation, or determination, made by the administrative official charged with the enforcement of any ordinance or local law adopted pursuant to this article. Such appeal may be taken by any person aggrieved, or by an officer, department, board or bureau of the city.”
The City Court’s ruling that the proper avenue for challenging the Building Department’s “determinations” would have been to file an appeal with the Board of Appeals on Zoning is not correct. An appearance ticket simply provides an accused with notice to appear before a local criminal court in connection with an accusatory instrument (see CPL 1.20 [26]; 150.10). In this case, there was no “order, requirement, decision, interpretation, or determination” (General City Law § 81-a [4]) from which defendant could have appealed to the Board of Appeals on Zoning. Thus, the People’s motion in limine should have been denied.
A defendant’s right to present a defense in a criminal proceeding is “a fundamental element of due process of law” (Washington v Texas, 388 US 14, 19 [1967]; see People v Bradley, 99 AD3d 934, 936 [2012]).
“The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant’s version of the facts as well as the prosecution’s to the [trier of fact] so it may decide where the truth lies” (Bradley, 99 AD3d at 936 [internal quotation marks and citations omitted]).
“Although a trial court has broad discretion to keep the proceedings within manageable limits and to curtail exploration of collateral matters, the trial court’s discretion in this area is circumscribed by the defendant’s constitutional rights to present a defense and confront his accusers” (People v Thompson, 111 AD3d 56, 64 [2013] [internal quotation marks and citations omitted]).
Here, defendant was deprived of his constitutional right to present a defense when the court precluded him from elicit *6 ing testimony and offering evidence that the use of his premises was preexisting and nonconforming. A “constitutional error can be harmless only if the evidence of guilt, without reference to the error, is overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant’s conviction, such that it is harmless beyond a reasonable doubt” (id. at 67 [internal quotation marks and citations omitted]). Had defendant been permitted to cross-examine the People’s witnesses, to call his own witnesses and introduce evidence of the allegedly preexisting and nonconforming use, the People’s case—which was somewhat less than overwhelming absent the certificate of occupancy for defendant’s premises, which had not been produced by the prosecution—would have been weakened. In our view, “there is ... a reasonable possibility that the deprivation of the defendant’s constitutional right to present a defense might have contributed to the defendant’s conviction[s]” (id. at 68). Consequently, the deprivation of defendant’s constitutional right to present evidence bearing on the central issue in this case cannot be considered harmless. In view of the foregoing, a new trial is required. We find no error requiring the dismissal of the accusatory instruments.
Accordingly, the judgments of conviction are reversed, the order dated April 9, 2012 granting the People’s motion in limine to exclude any testimony or evidence by or on behalf of defendant of a preexisting nonconforming use of his premises is vacated, that motion is denied, the matter is remitted to the City Court for a new trial before a different judge, and the fines, if paid, are remitted.
Maraño, P.J., Iannacci and Brands, JJ., concur.