The People of the State of New York, Respondent,
against
John DeRaffele, Appellant. 




John Deraffele, appellant pro se.
City of New Rochelle Law Department, (Brian D. Murphy of counsel), for respondent.

Appeal from five judgments of the City Court of New Rochelle, Westchester County (Anthony A. Carbone, J.), rendered September 7, 2017. The judgments convicted defendant, after a nonjury trial, of two charges of violating Code of the City of New Rochelle § 111-8 and three charges of violating Code of the City of New Rochelle § 331-11 (A), and imposed sentences. The appeal brings up for review an order of that court dated March 13, 2017 denying defendant's pretrial motion to dismiss the five informations.




ORDERED that the judgments convicting defendant of violating Code of the City of New Rochelle § 111-8 under City Court docket Nos. 70063 and 70065 are reversed, on the facts, the information under each of those docket numbers is dismissed, and the fines imposed thereon, if paid, are remitted; and it is further,
ORDERED that the judgments convicting defendant of violating Code of the City of New Rochelle § 331-11 (A) under City Court docket Nos. 70064 and 70097 are reversed, on the law and as a matter of discretion in the interest of justice, the information under each of those docket numbers is dismissed, and the fines imposed thereon, if paid, are remitted; and it is further,
ORDERED that the judgment convicting defendant of violating Code of the City of New Rochelle § 331-11 (A) under City Court docket No. 70098 is modified, as a matter of discretion [*2]in the interest of justice, by reducing the fine imposed thereon to the sum of $500; as so modified, that judgment of conviction is affirmed.
Pursuant to five separate informations, defendant, the owner of a house located at 867 Weaver Street, New Rochelle, NY, was charged with five violations of the Code of the City of New Rochelle (Code). Three of the informations charged defendant with violating Code § 331—11 (A). It was alleged in the information under City Court docket No. 70097 that defendant, while living on the first floor of his home, did cause and/or allow the use of the second floor to be used as a separate dwelling unit. In the information under City Court docket No. 70064, it was alleged that defendant, while living on the first floor of his home, did cause and/or allow the use of the third floor to be used as a separate dwelling unit. In the information under City Court docket No. 70098, it was alleged that defendant had caused and permitted his home to be used for a purpose not in conformity with New Rochelle's zoning ordinance, in that he had permitted the first, second and third floors of the premises to be used as separate dwelling units. The two additional informations each charged defendant with violating Code § 111-8. In the information under City Court docket No. 70063, it was alleged that defendant had caused and permitted the alteration of the third floor of his home, by adding a full bathroom and kitchen, without first obtaining a building permit. In the information under City Court docket No. 70065, it was alleged that defendant had caused and permitted the construction of two sheds and a deck at his home, without first obtaining a building permit. 
Following a nonjury trial, defendant was found guilty of all five charges and fined a total of $12,900. Upon a prior appeal, this court reversed the judgments of conviction and remitted the matter for a new nonjury trial (People v DeRaffele, 54 Misc 3d 1 [2016]). Prior to the retrial, defendant moved to dismiss the five informations. The City Court correctly denied the motion, as it contained only contested facts requiring resolution by trial, and defendant's contrary argument on appeal is without merit.
At the retrial, it was uncontested that, on November 12, 2010, firefighters were called to defendant's home due to a carbon monoxide alarm. Defendant and his tenants were evacuated and were standing outside when Paul Vacca, a building official for the New Rochelle Bureau of Buildings, and Con Edison workers arrived and performed a walkthrough of the dwelling. Based upon these observations, Mr. Vacca swore out three informations, each charging defendant with violating Code § 331-11 (A). Mr. Vacca also sent a subordinate, William Giraldi, a housing inspector for the New Rochelle Bureau of Buildings, to visit defendant's home and to, in Mr. Giraldi's words, "go and observe—to see what I saw." Mr. Giraldi observed sheds and a deck erected in the backyard without defendant having obtained a prior permit therefor, and he interviewed a tenant, who confirmed that she was renting the third floor of defendant's home. Consequently, Mr. Giraldi swore out two informations, each charging defendant with violating Code § 111-8.
Defendant conceded the multifamily use of his house, which was not in conformity with its single family zoning, in his testimony at the retrial. However, he claimed that the dwelling [*3]had been in multifamily use since before his family purchased it in 1982 and before the enactment of the 1955 city zoning law under which the premises was classified for use as single-family housing only. Thus, defendant asserted, the house's "lawfully permitted [single family] use . . . may be continued" (Code § 331-12 [A] [1]). 
Defendant and his adult nephew testified that, at the time of the 1982 purchase of the house at 867 Weaver Street, it was divided into four apartments, three of which were actively being rented at the time, and each with a full bathroom, full kitchen and bedroom. Defendant, and other defense witnesses, put forth testimonial evidence, without documentary support, of the nonconforming use of the house, but virtually none of this evidence addressed the central question of whether it had been in nonconforming, multifamily use prior to 1955.
Defendant admitted that he had granted his father-in-law permission to erect in his backyard the two sheds, whose dimensions, he claimed, were smaller than the threshold requiring a permit for construction. Defendant also testified that he had nothing to do with the construction of the deck, which was present at the time of his family's 1982 purchase of the house. Mr. Giraldi, who testified about viewing the sheds and deck, made no mention of, and the People put forth no evidentiary exhibits concerning, the addition of a bathroom or kitchen to the third floor of defendant's home.
Defendant asserts on his pro se appeal that the informations under City Court docket Nos. 70064 and 70097, each charging him with violating Code § 331-11 (A) due to nonconforming use of the third and second floors, respectively, of his home, "duplicated the [same] charge" of the information under City Court docket No. 70098, that charged nonconforming use of his home as a multifamily dwelling. In effect, defendant argues that the former two informations are multiplicitous to the latter. The People respond that this court has already rejected defendant's argument in its decision of the first appeal finding "no error requiring the dismissal of the accusatory instruments" (see DeRaffele, 54 Misc 3d at 6). The People are mistaken, as this court's finding was based solely on an analysis of whether there existed any "nonwaivable jurisdictional" defects requiring the dismissal of the informations (People v Dreyden, 15 NY3d 100, 103 [2010] [internal quotation marks omitted]).[FN1]
However, multiplicity is a waivable, and thus nonjurisdictional, defect of an accusatory instrument (see People v Kovalsky, 166 AD3d 900, 901 [2018]). 

Two or more separate charges are multiplicitous if they are based upon the same offense (see People v Zgonena, 61 Misc 3d 134[A], 2018 NY Slip Op 51507[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). The test for multiplicity is "whether each provision requires proof of a fact which the other does not" (Blockburger v US, 284 US 299, 304 [1932]). In this case, the relevant factual allegations contained in the informations under City Court docket Nos. [*4]70064 and 70097 charging defendant with violating Code § 331-11 (A) by permitting distinct floors of the house to be used as separate dwellings, are found in the information under City Court docket No. 70098, whose identical charge is based on the nonconforming, multifamily use of the entire dwelling. Thus, convicting defendant pursuant to each of the former two informations did not require proof of an additional allegation beyond those found in the information concerning nonconforming use of the dwelling as a whole, rendering the former two informations multiplicitous with the latter.

Defendant's multiplicity argument is not preserved, as he made no such motion to the City Court. Nevertheless, in the interest of justice, we reach this issue and reverse two of the three judgments convicting defendant of violating Code § 331-11 (A), namely, the informations under City Court docket Nos. 70064 and 70097, as multiplicitous, and dismiss those informations (see People v Donaruma, 26 Misc 3d 143[A], 2010 NY Slip Op 50418[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]).

Defendant also, in effect, challenges the legal sufficiency of the judgments of conviction rendered after trial. However, "this claim is unpreserved for our review since defendant made only general motions to dismiss at the end of the People's case and after both sides had rested" (People v Izzo, 57 Misc 3d 149[A], 2017 NY Slip Op 51514[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see CPL 470.05 [2]), and we decline to reach this issue in the interest of justice.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony and observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). We find that the judgment convicting defendant of violating Code § 331-11 (A) under City Court docket No. 70098 was not against the weight of the evidence. To prove defendant's guilt beyond a reasonable doubt with respect to this information, the People needed only to establish satisfactorily that his home was zoned for one use (the single-family-use zoning is uncontested) and the owner was using it in a nonconforming way (defendant freely admitted to permitting the use of his house as a multifamily dwelling, and Mr. Giraldi spoke with one of his tenants).

Although defendant attempted to present various points of evidence to establish nonconforming multifamily use predating his family's purchase of the house, virtually none of it predated the 1955 enactment of the zoning law. Consequently, defendant did not satisfy his burden of proving this affirmative defense by a preponderance of the evidence (see People v Ventura, 63 Misc 3d 39, 40 [App Term, 2d Dept, 9th & 10th Jud Dists 2019], citing Matter of Tavano v Zoning Bd. of Appeals of the Town of Patterson, 149 AD3d 755, 756 [2017]). However, we agree with defendant that the $2,500 fine imposed pursuant to this conviction—the maximum fine authorized for a first offense of this kind (see Code § 331-140 [1])—is excessive, and we reduce it to $500, as a matter of discretion in the interest of justice.

We find that the two judgments of conviction for violating Code § 111-8 were against the [*5]weight of the evidence. The People presented no compelling trial evidence that the third floor bathroom and kitchen were later alterations to defendant's home, as opposed to a part of the dwelling's initial construction. Assuming, arguendo, that the bathroom and kitchen were later alterations, the People presented no evidence that they postdated, rather than predated, defendant's purchase of the dwelling. Consequently, the judgment convicting defendant under City Court docket No. 70063 must be reversed and the information under that docket number dismissed.

With respect to the second information charging a violation of Code § 111-8, we first note that the single charge, based upon allegations that defendant erected both sheds and a deck without first obtaining a permit, is duplicitous. However, as defendant never raised this issue prior to trial or on appeal, this court has no cause to address it in the interest of justice. The trial evidence established beyond a reasonable doubt that defendant had permitted the erection of the sheds, and his claim of an exemption from the permit requirement is belied by the exemptions statute, which, contrary to defendant's testimony, does not contain a threshold dimension below which a permit is not required (see Code § 111-9). However, the People presented no evidence that the addition of the deck postdated, rather than predated, as defendant claimed, his purchase of the dwelling. Thus, the question arises whether defendant's conviction of this single Code § 111-8 charge is against the weight of the evidence where one underlying factual allegation (the sheds) has been proven beyond a reasonable doubt, while the second underlying factual allegation (the deck) has not.

The body of case law exempting the People from proving beyond a reasonable doubt all the allegations in an accusatory instrument in order to secure a conviction generally falls into three distinct classes:

(1) "Not every act alleged in an [accusatory instrument] is essential to establish the defendant's guilt, and in such cases, it is not necessary that the People prove all such acts when the acts alleged which remain after excision of the non-proven act(s) are sufficient to sustain a conviction" (William C. Donnino, New York Court of Appeals on Criminal Law § 2.23 at 32 [3d ed rev 2011]; see also People v Treuber, 64 NY2d 817 [1985]; People v Rooney, 57 NY2d 822 [1982]; People v Newell, 148 AD3d 1216 [2017]);

(2) "Where an offense may be committed by doing any one of several things, the indictment may, in a single count, group them together and charge the defendant with having committed them all, and a conviction may be had on proof of the commission of any one of the things, without proof of the commission of the others" (People v Nicholas, 35 AD2d 18, 20 [1970], citing Bork v People, 91 NY 5, 13 [1883]; see also People v Charles, 61 NY2d 321 [1984]); and

(3) The "discrepancy between the [information] and the proof at trial was caused by the defendant voluntarily taking the stand in his own behalf and admit[ting] that he committed a different version of the [same offense] than was alleged in the [accusatory [*6]instrument]" (People v Spann, 56 NY2d 469, 474 [1982]).

However, none of these classes of cases addresses the instant matter, in which the multiple factual allegations of the accusatory instrument that underlie a single charge are duplicitous and should have been charged separately. 

Where, as here, an information contains a charge against a defendant predicated upon multiple offenses that should have been charged separately, i.e., a duplicitous charge, the People must prove each alleged offense beyond a reasonable doubt to sustain a conviction of that charge (see generally People v Peters, 79 AD3d 1274 [2010] [reversing a single-count conviction of animal cruelty based upon the defendant's duplicitously alleged failure to provide necessary sustenance to both a mare and her foal because, while the prosecution proved the charge beyond a reasonable doubt vis-à-vis the mare, it failed to do so with respect to the foal]). In the instant case, because the weight of the evidence does not support the People's duplicitous claim that defendant violated Code § 111-8 with respect to both the sheds and the deck, that judgment of conviction must be reversed and the information under City Court docket No. 70065 must be dismissed.

Defendant's motions for the City Court to recuse the prosecutor and itself, and to grant a change of venue for the trial, were properly denied, as defendant did not make the proper showings to warrant these results (see Judiciary Law § 14 [standard for recusal of a sitting judge]; People v Moreno, 70 NY2d 403, 405 [1987] [a judge's determination regarding whether to recuse oneself is a "discretionary decision . . . within the personal conscience of the court"]; Schumer v Holtzman, 60 NY2d 46, 55 [1983] [standard for recusal of "a public prosecutor"]; People v Shedrick, 83 AD2d 988 [1981] [standard for change of venue]). Defendant waived his unpreserved claim that Paul Vacca's observations of his home should have been suppressed as the unlawful fruits of an unauthorized search (see CPL 255.20 [1]; 710.40 [1]; People v Escamilla, 168 AD3d 758, 759 [2019]), and we decline to review it in the interest of justice.

We have examined defendant's other contentions and find them to be without merit.

Accordingly, the judgments convicting defendant of violating Code § 111-8 under City Court docket Nos. 70063 and 70065, and of violating Code § 331-11 (A) under City Court docket Nos. 70064 and 70097, are reversed and the information under each of those docket numbers is dismissed. The judgment convicting defendant of violating Code § 331-11 (A) under City Court docket No. 70098 is modified by reducing the fine imposed thereon to the sum of $500.

RUDERMAN, J.P., ADAMS and TOLBERT, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 12, 2019



Footnotes

Footnote 1: This court has no cause to reverse its prior rejection of defendant's facial insufficiency claims. Defendant's recycled facial insufficiency point on this appeal remains meritless.