## (April 15, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v THOMAS RYAN, Defendant. — Motion by defendant pursuant to CPL 230.20 for a change of venue. Motion denied. Defendant moves to change the venue of his trial under Suffolk County Indictment No. 2470-81 from the County of Suffolk to another county within this judicial "district" other than the County of Nassau. He contends that owing to "persistent pervasive prejudicial pre-trial publicity," there is "reasonable cause to believe that a fair and impartial trial cannot be had in Suffolk or Nassau Counties". The defendant stands charged with murder in the second degree arising from the death of John Pius, a 13-year-old youth who was killed on April 20, 1979 in Smithtown, Suffolk County, New York. Two previous trials have been completed involving Pius' death and have

resulted in the murder convictions of three other youths. The defendant's trial has been commenced and a jury has been empaneled. In our view, the circumstances surrounding the case and the results of *voir dire* through which the jury was selected demonstrate that the defendant can receive a fair trial in Suffolk County. "It has long been settled that, to entitle a defendant to removal of a criminal action to another county because of pretrial publicity (or for any other reason), it must appear that he cannot obtain a fair and impartial trial in the county where the indictment is pending. (See, e.g., *People* v. *McLaughlin,* 150 N. Y. 365, 375; *People* v. *Hyde,* 149 App. Div. 131, 134; see, also, *People* v. *Genovese,* 10 N Y 2d 478, 481-482; *Matter of Murphy* v. *Supreme Ct.,* 294 N. Y. 440, 456.) Whether or not a change of venue should be granted rests in the sound discretion of the trial court (see, e.g., *People* v. *Buchalter,* 289 N. Y. 244; *People* v. *Hyde,* 149 App. Div. 131, 134, *supra*), and a number of cases have held that newspaper comment alone, even though extensive, 'does not establish inability to get a fair trial.' (*People* v. *Broady,* 195 Misc. 349, 350; see *People* v. *Hyde,* 149 App. Div. 131, *supra.*) Moreover, the court's discretion will not be disturbed unless the newspaper articles are of such a sensational character as to excite local popular passion and prejudice so that the defendant will not be able to have the fair trial to which he is entitled" (*People v Di Piazza,* 24 NY2d 342, 347). Standing alone, the newspapers and magazine articles submitted in support of the instant motion are not of such a nature as to render it unlikely that the defendant could be afforded a fair trial in Suffolk County. Although numerous articles were written about the Pius murder, the defendant is not featured prominently as a participant in the crime. In addition, some four years have passed since the murder, thereby permitting local passion and prejudice to cool. Moreover, there is no constitutional requirement that jurors be without knowledge of the crime which is the subject of the trial. It is sufficient if they can lay aside any opinion which they may have formed and render a verdict based solely upon the evidence (*Irvin v Dowd,* 366 US 717). To this end the extensive *voir dire* undertaken by the court has apparently been successful in weeding out those prospective jurors who were unable to disregard opinions previously formulated. As described by an Assistant District Attorney, the jury selection process proceeded in the following manner. "(a) the panel of jurors was questioned initially concerning those who wished to be excused due to the length of the trial and had previously formulated an opinion as to the guilt or innocence of the defendant; (b) those who had so indicated were excused; (c) those prospective jurors who knew nothing about the case were asked to identify themselves; (d) those prospective jurors who had some knowledge of the case were thereupon questioned in the judge's chambers separately and outside the hearing of all other jurors [and] (e) those jurors then remaining were thereupon placed in the jury box and subjected to the usual *voir dire* examination." In our view, this procedure was adequate and effective to eliminate potential prejudice. Accordingly, we hold that a change of venue is not warranted. Mollen, P. J., Titone, Mangano, Thompson and Niehoff, JJ., concur.