■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v THOMAS TAYLOR and THOMAS TORPEY, Defendants. — Motion to change venue of trial of indictment from Monroe County denied. Memorandum: In the midst of the *voir dire* defendants moved for a change of venue based on the extensive and protracted newspaper publicity surrounding this case. Although numerous newspaper articles were presented which report defendants' alleged connections to organized crime, their criminal backgrounds and associations, and the "gangland" nature of the killing, no transcript of the jury selection proceedings was submitted with the motion papers. We cannot conclude on the record

before us that the process of jury selection is "hopelessly burdensome and futile" (*People v Culhane,* 33 NY2d 90, 110, n 4). Jurors are not required to be totally ignorant of the facts and issues involved in a case, and are not subject to disqualification because they have read newspaper accounts (*People v Di Piazza,* 24 NY2d 342; *People v Ryan,* 93 AD2d 848). The mere opportunity for prejudice does not raise a presumption that it exists (*Holt v United States,* 218 US 245, 251). They are subject to disqualification when they cannot render an impartial verdict according to the evidence adduced at trial and on the law as explained by the Judge. Here the percentage of jurors excused for cause based on the impairment of their ability to judge the facts impartially does not justify the conclusion that the newspaper articles have been "of such a sensational character as to excite local popular passion and prejudice so that the defendant[s] will not be able to have [a] fair trial" (*People v Di Piazza, supra,* p 347; see, also, *Murphy v Florida,* 421 US 794, 803). Defendants have not demonstrated reasonable cause to believe that a fair and impartial trial cannot be had in Monroe County (CPL 230.20, subd 2). We find no reason why efforts to obtain a fair and impartial jury should not continue (see *People v Parker,* 60 NY2d 714). Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ. (Order entered Oct. 26, 1983.)