(August 31, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT LAEZZA, Defendant.—Motion by the defendant pursuant to CPL 230.20 for a change of venue of the trial of Nassau County indictment No. 65719 from Nassau County to another county within the Second Judicial Department.

Ordered that the motion is denied.

The defendant, who is charged, *inter alia,* with three counts of manslaughter in the second degree arising out of an April 3, 1987 collision between his car and a limousine carrying a bridal party, moves for a change of venue of his trial from Nassau County, where the incident occurred, to some other county within the Second Judicial Department. He contends that extensive pretrial publicity, as a result of which approximately one half of the potential venirepersons initially screened expressed an opinion as to his guilt and were excused, has made it impossible for him to receive a fair and impartial trial in Nassau County. We disagree.

"It has long been settled that, to entitle a defendant to removal of a criminal action to another county because of pretrial publicity (or for any other reason), it must appear that he cannot obtain a fair and impartial trial in the county where the indictment is pending. (See, e.g., *People* v. *McLaughlin,* 150 N. Y. 365, 375; *People* v. *Hyde,* 149 App. Div. 131, 134; see, also, *People* v. *Genovese,* 10 N Y 2d 478, 481-482; *Matter of Murphy* v. *Supreme Ct.,* 294 N. Y. 440, 456.)" *(People v DiPiazza,* 24 NY2d 342, 347.) At bar no such showing has been made. By and large the newspaper articles submitted by the defendant in support of this motion objectively recount the circumstances surrounding the incident and accurately relate what transpired at the pretrial hearing. They are not "of such a sensational character as to excite local popular passion and prejudice" *(People v DiPiazza, supra,* at 347). A defendant is not constitutionally entitled to a trial by a jury which is completely ignorant of the circumstances surrounding the crime which is the subject of that trial. "It is sufficient if [the jurors] can lay aside any opinion which they may have formed and render a verdict based solely upon the evidence *(Irvin v Dowd,* 366 US 717)" *(People v Ryan,* 93 AD2d 848, 849).

The extensive voir dire (a transcript of which we have reviewed) which was conducted by the court, the prosecutor, and the defense counsel has now resulted in the seating of 12 jurors and 4 alternates, who have promised to be fair and impartial, and has successfully eliminated those prospective jurors who were unable to disregard opinions previously formulated based on media reports *(see, People v Ryan, supra).* Significantly, defense counsel found it unnecessary to use all of the peremptory challenges available to him and declared that he was satisfied with the jurors selected *(see, People v DiPiazza,* 24 NY2d 342, *supra).*

Under the circumstances, we conclude that the defendant has failed to establish reasonable cause to believe that he cannot receive a fair and impartial trial in Nassau County. Accordingly, the defendant's motion for a change of venue is denied. Mollen, P. J., Brown, Lawrence and Harwood, JJ., concur.