■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW SOLOMON, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered February 3, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We disagree with the defendant's contention that as a result

of the denial of his motion to change venue, extensive publicity and audiovisual coverage of the proceedings deprived him of a fair trial. In *People v Culhane* (33 NY2d 90, 110), the Court of Appeals observed that "[n]o matter how desirable it may be, it is unrealistic to expect and require jurors to be totally ignorant prior to trial of the facts and issues in certain cases". It is settled that, in seeking a change of venue on the ground of the publicity accorded the offense, a defendant bears the burden of showing that the circumstances of the case are so extraordinary as to require a change of venue as a prerequisite to a fair trial *(see, People v Culhane, supra; People v Brensic,* 136 AD2d 169; *People v Boudin,* 90 AD2d 253). Although there was extensive publicity in this case, originally generated by the defendant himself, it was fair and unbiased. Additionally, during voir dire, the jurors expressed their ability to be impartial *(see, People v Ryan,* 151 AD2d 528, 529-530), and a jury satisfactory to both sides was selected and sworn without the defense exhausting its peremptory challenges. Furthermore, after summations, the jurors were again questioned and assured the court that they had not been exposed to or influenced by any media reports. Hence there has been no showing that the defendant was in any way prejudiced by the publicity surrounding this case. In so holding, we do not condone the conduct of the trial prosecutor in giving a mid-trial television interview.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Brown, Sullivan and Eiber, JJ., concur.