THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY W. PARDEE, Appellant. [805 NYS2d 913]—

Appeal from a judgment of the Niagara County Court (Sara Sperrazza, J.), rendered December 16, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and conspiracy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and conspiracy in the first degree (§ 105.17), defendant contends that reversal is required because he was denied his right to effective assistance of counsel based on defense counsel's failure to move for a change of venue. We reject that contention. Although the crime received extensive media coverage in Niagara County, the jurors who were selected expressed during voir dire their ability to be impartial (*see People v Solomon*, 172 AD2d 781, 782 [1991]). "No matter how desirable it may be, it is unrealistic to expect and require jurors to be totally ignorant prior to trial of the facts and issues in certain cases" (*People v Culhane*, 33 NY2d 90, 110 [1973]; *see People v Taylor*, 97 AD2d 983, 984 [1983]). It does not appear herein that defendant could not obtain a fair and impartial trial in Niagara County (*see People v Ryan*, 93 AD2d 848, 849 [1983]). Defendant thus has failed to establish that he was denied effective assistance of counsel based on defense counsel's failure to move for a change of venue. "Defendant has not shown that the motion, if made, would have been successful and has failed to establish that [defense] counsel failed to provide meaningful representation" (*People v Ayala*, 236 AD2d 802, 803 [1997], *lv denied* 90 NY2d 855 [1997]; *see People v Peterson*, 19 AD3d 1015 [2005]).

We have considered defendant's remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Smith, JJ.