# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

681

KA 07-02340

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CAMILLO DOUGLAS, DEFENDANT-APPELLANT.

---

MICHAEL G. CONROY, KENMORE, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered September 27, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of assault in the second degree (Penal Law § 120.05 [3]). The conviction arises from an incident in which four correction officers attempted to restrain defendant in order to conduct a "strip frisk" for suspected contraband and three of those officers sustained injuries. By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish that each of the victims sustained a physical injury (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, we conclude that defendant's contention is without merit. The evidence, which included testimony from the respective treating orthopedic surgeons of two of the victims and the treating chiropractor of the third victim, established that each of the victims required medical treatment for his injuries. One of the victims continued treatment for an injured elbow for more than two years following the incident, and another victim required arthroscopic surgery to repair the damage to his knee that resulted from the incident. The third victim's treating chiropractor testified that the injury sustained by that victim as a result of the incident "greatly exacerbated" his preexisting lower back injury. We note that the victims each were on medical leave for several weeks following the incident. We therefore conclude that the evidence established that each of the victims sustained a physical injury within the meaning of Penal Law § 10.00 (9), i.e., impairment of a physical condition or

substantial pain (*see People v Bowen*, 17 AD3d 1054, 1055-1056, *lv denied* 5 NY3d 759; *People v Liggins*, 2 AD3d 1325, 1326; *cf. People v Velasquez*, 202 AD2d 1037, *lv denied* 83 NY2d 1008, 84 NY2d 940), and thus that the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  The sentence is not unduly harsh or severe.

Entered:  June 10, 2011                    Patricia L. Morgan
                                           Clerk of the Court