People v Jenkins (2021 NY Slip Op 04831)





People v Jenkins


2021 NY Slip Op 04831


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


477 KA 15-01892

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDRE L. JENKINS, DEFENDANT-APPELLANT. 






THE LEGAL AID SOCIETY OF BUFFALO, INC., BUFFALO (J. MICHAEL MARION OF COUNSEL), FOR DEFENDANT-APPELLANT.
ANDRE L. JENKINS, DEFENDANT-APPELLANT PRO SE.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Sara Sheldon, J.), rendered October 21, 2015. The judgment convicted defendant upon a jury verdict of murder in the first degree, murder in the second degree (two counts) and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of two counts of murder in the second degree and dismissing counts two and three of the indictment and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]), two counts of murder in the second degree
(§ 125.25 [1]), and criminal possession of a weapon in the second degree (§ 265.03 [3]), arising from the execution-style killing of two members of a motorcycle club.
We note at the outset that those parts of the judgment convicting defendant of murder in the second degree must be reversed and those counts dismissed because they are inclusory concurrent counts of the count of murder in the first degree (see CPL 300.40 [3] [b]; People v Ashline, 124 AD3d 1258, 1258 [4th Dept 2015], lv denied 27 NY3d 1128 [2016]). We therefore modify the judgment accordingly.
Defendant contends in his main brief that the failure to record certain bench conferences violated his right to a fair trial. Defendant does not, however, raise any substantive contentions concerning the content of those bench conferences. The entirety of his argument is that an unrecorded trial is an unfair trial and that the lack of a complete record deprived him of effective assistance of appellate counsel. There is no indication that defendant was not present at any of the conferences, and there were no objections on the record to any issues discussed at the conferences (see generally CPL 470.05 [2]). In any event, under these circumstances, defendant has failed to overcome the presumption of regularity (see People v Velasquez, 1 NY3d 44, 48 [2003]). Any contention involving matters outside the record must be raised in a proceeding pursuant to CPL article 440 and specifically, to the extent that defendant contends that improper and prejudicial conduct occurred during these unrecorded conferences, he is relegated to a motion pursuant to CPL 440.10 (1) (f) (see generally People v Larrabee, 201 AD2d 924, 924 [4th Dept 1994], lv denied 83 NY2d 855 [1994]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude, contrary to defendant's contention [*2]in his main and pro se supplemental briefs, that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends in his main and pro se supplemental briefs that he was denied a fair trial by prosecutorial misconduct. Although this contention is unpreserved, defendant also contends that he was denied effective assistance of counsel based on defense counsel's failure to object to certain questions posed by the prosecutor to prospective jurors. We conclude that "[t]he prosecutor merely engaged in the standard trial tactic of giving the panel [of prospective jurors] a preview of the weaknesses in [his] case and gauging the reaction . . . and that defense counsel was thus not ineffective in failing to object to the prosecutor's questions" (People v Farrington, 171 AD3d 1538, 1540-1541 [4th Dept 2019], lv denied 34 NY3d 930 [2019] [internal quotation marks omitted]; see People v Evans, 242 AD2d 948, 949 [4th Dept 1997], lv denied 91 NY2d 834 [1997]). We reject the contention of the defendant, raised in his pro se supplemental brief, that counsel was ineffective for failing to move for a change of venue after a newspaper article was published about the case. A motion to change venue is premature when made prior to jury selection (see People v Hardy, 38 AD3d 1169, 1169-1170 [4th Dept 2007], lv denied 9 NY3d 865 [2007]; People v Mateo, 239 AD2d 965, 965 [4th Dept 1997]; see also People v Culhane, 33 NY2d 90, 110 n 4 [1973]) and counsel is not ineffective for failing to make a motion with no chance of success (see People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we further conclude, contrary to the remaining claims of ineffective assistance of counsel raised in defendant's main and pro se supplemental briefs, that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). The test for effective assistance of counsel is
" 'reasonable competence, not perfect representation' " (People v Pavone, 26 NY3d 629, 647 [2015]).
We reject the contentions of defendant, presented in his pro se supplemental brief, that he was improperly denied access to Rosario materials. Here, the materials sought by defendant were in possession of the Federal Government, and it is well established that "the right to Rosario material must yield to the rights of the Federal Government under 28 CFR 16.22 in this State prosecution" (People v Button, 276 AD2d 229, 232 [4th Dept 2000], lv denied 96 NY2d 757 [2001]; see People v Santorelli, 95 NY2d 412, 421-423 [2000]).
Defendant's sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions in his pro se supplemental brief and conclude that none warrants reversal or further modification of the judgment.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court