People v Bradford (2022 NY Slip Op 02897)

People v Bradford

2022 NY Slip Op 02897

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.

76 KA 20-00768

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL BRADFORD, DEFENDANT-APPELLANT. 

THOMAS THEOPHILOS, BUFFALO, FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Steuben County Court (Patrick F. McAllister, A.J.), dated June 2, 2020. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is affirmed.
Memorandum: Defendant was previously convicted after a jury trial of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), aggravated criminal contempt (§ 215.52 [1]), and tampering with physical evidence (§ 215.40 [2]). On a prior appeal, we modified the judgment of conviction by "reversing that part convicting defendant of tampering with physical evidence and dismissing count six of the indictment, and by vacating the sentences imposed on the remaining counts" (People v Bradford, 118 AD3d 1254, 1254 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]), and we remitted the matter to County Court for resentencing (id.). Later, we denied defendant's motion for a writ of error coram nobis (People v Bradford, 137 AD3d 1633, 1633 [4th Dept 2016], lv denied 27 NY3d 1128 [2016]), and we affirmed the resentence (People v Bradford, 138 AD3d 1436, 1437 [4th Dept 2016], lv denied 27 NY3d 1149 [2016]). Defendant thereafter moved pro se to vacate the judgment of conviction pursuant to CPL 440.10 (1), and he now appeals by permission of this Court from an order denying that motion. We affirm.
Defendant contends that he was improperly compelled to wear a stun belt during his trial inasmuch as the court did not place on the record its findings showing that he needed such a restraint (see generally People v Buchanan, 13 NY3d 1, 4 [2009]). Although defendant established that he was forced to wear a stun belt, he failed to object to the use of the belt, and the improper use of a stun belt is not a mode of proceedings error (see People v Cooke, 24 NY3d 1196, 1197 [2015], cert denied 577 US 1011 [2015]). Therefore, "the failure to object to the stun belt's use means that 'reversal would not have been required' on a direct appeal" and, as a result, even on the merits of the contention, "there is no basis upon which to vacate the judgment of conviction" pursuant to CPL 440.10 (1) (People v Osman, 174 AD3d 1477, 1480 [4th Dept 2019], lv denied 34 NY3d 1080 [2019]; see People v Schrock, 108 AD3d 1221, 1223-1224 [4th Dept 2013], lv denied 22 NY3d 998 [2013], reconsideration denied 23 NY3d 1025 [2014]).
Contrary to defendant's further contention, he failed to establish that he was deprived of effective assistance of counsel by defense counsel's failure to raise the issue of the stun belt before the trial court (see Osman, 174 AD3d at 1480; People v Ashline, 124 AD3d 1258, 1261 [4th Dept 2015], lv denied 27 NY3d 1128 [2016]; People v Schrock, 99 AD3d 1196, 1196-1197 [4th Dept 2012]). It is well settled that, in order " '[t]o prevail on a claim of ineffective assistance, [a] defendant[] must demonstrate that [he or she was] deprived of a fair trial by less than meaningful representation; a simple disagreement with strategies [or] tactics . . . , weighed long after the trial, does not suffice' . . . Thus, 'it is incumbent on [a] defendant to demonstrate the absence of strategic or other legitimate explanations for defense counsel's allegedly deficient [*2]conduct' " (People v Borcyk, 184 AD3d 1183, 1184 [4th Dept 2020]; see e.g. People v Kates, 162 AD3d 1627, 1630-1631 [4th Dept 2018], lv denied 32 NY3d 1065 [2018], reconsideration denied 32 NY3d 1173 [2019]; People v Conway, 148 AD3d 1739, 1741 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]). Defendant failed to make such a showing here. Inasmuch as defendant raises an ineffective assistance of counsel challenge under both the Federal and New York State Constitutions, "the claim is properly evaluated using the state standard" (People v Oliver [appeal No. 2], 162 AD3d 1722, 1723 [4th Dept 2018]; see People v Stultz, 2 NY3d 277, 282-284 [2004], rearg denied 3 NY3d 702 [2004]; Conway, 148 AD3d at 1741). That standard provides that "[a] single error may qualify as ineffective assistance, but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152 [2005]; see People v Settles, 192 AD3d 1510, 1511 [4th Dept 2021], lv denied 37 NY3d 960 [2021]; People v Johnson, 192 AD3d 1612, 1615 [4th Dept 2021]). Here, in light of the lack of any evidence that the stun belt was visible to the jurors or that they were aware of its presence, we conclude that defendant failed to make a sufficient showing of egregiousness or that his right to a fair trial was compromised, and thus the court properly determined that defendant's allegations "do not rise to the level of ineffective assistance of counsel."
All concur except Lindley and Bannister, JJ., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent. There is no dispute that defendant was required to wear a stun belt during his jury trial and that County Court failed to make the requisite finding that there was a "specifically identified security reason" for restraining defendant in such a significant manner (People v Buchanan, 13 NY3d 1, 4 [2009]). In his CPL 440.10 motion, defendant contended, among other things, that his trial attorney was ineffective in failing to object to the unauthorized use of the stun belt. Defendant noted that Buchanan was decided by the Court of Appeals more than a year before his trial, and that defense counsel should therefore have been aware of its holding (cf. People v Osman, 174 AD3d 1477, 1480 [4th Dept 2019], lv denied 34 NY3d 1080 [2019]; People v Schrock, 99 AD3d 1196, 1196 [4th Dept 2012]).
The court summarily denied the motion, concluding in relevant part that defendant is not entitled to relief on his ineffective assistance of counsel claim because we determined on direct appeal that he was not deprived of effective assistance of counsel (see People v Bradford, 118 AD3d 1254, 1255-1256 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]). The majority affirms that ruling on another ground, one not argued by the People on appeal—namely, that defense counsel's failure to object to the stun belt, standing alone, was not such an egregious or prejudicial error as to compromise defendant's right to a fair trial. Because the court did not deny defendant's motion on the ground relied upon by the majority, we are precluded from affirming on that ground (see People v Concepcion, 17 NY3d 192, 197-198 [2011]; People v LaFontaine, 92 NY2d 470, 473-474 [1998], rearg denied 93 NY2d 849 [1999]).
With respect to the ground relied upon by the court to deny the motion, although it is true that we determined on direct appeal that defendant was not deprived of effective assistance of counsel, defendant's contention was based on other alleged errors attributed to defense counsel. Defendant did not reference his trial attorney's failure to object to the stun belt, and we thus did not consider it in rejecting his contention. Indeed, any claim that defense counsel was ineffective in failing to object to the stun belt would not have been reviewable on direct appeal even if raised because the record did not indicate that defendant was required to wear a stun belt at trial; rather, the unauthorized use of the stun belt was established in defendant's motion papers. It is well settled that contentions that are "based primarily on matters outside the record" are more properly raised in a motion pursuant to CPL 440.10 (People v Richards, 177 AD3d 1280, 1282 [4th Dept 2019], lv denied 35 NY3d 994 [2020]; see People v Jenkins, 197 AD3d 927, 927-928 [4th Dept 2021], lv denied 37 NY3d 1097 [2021]).
In our view, the court erred in summarily denying defendant's CPL 440.10 motion, and we would therefore reverse the order and remit the matter for a hearing pursuant to CPL 440.30 (5) on defendant's ineffective assistance of counsel claim (see People v Washington, 128 AD3d 1397, 1399-1400 [4th Dept 2015]; People v Campbell, 81 AD3d 1251, 1251-1252 [4th Dept 2011]).
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court