People v Stokes (2022 NY Slip Op 03629)

People v Stokes

2022 NY Slip Op 03629

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND CURRAN, JJ.

393 KA 14-01898

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEVON L. STOKES, DEFENDANT-APPELLANT. 

THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered June 10, 2014. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish defendant's identity as the perpetrator (see People v Spencer, 191 AD3d 1331, 1332 [4th Dept 2021], lv denied 37 NY3d 960 [2021]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence as to identity (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant's contention that he was denied effective assistance of counsel involves matters outside the record and therefore must be raised in a proceeding pursuant to CPL article 440 (see People v Jenkins, 197 AD3d 927, 927-928 [4th Dept 2021], lv denied 37 NY3d 1097 [2021]). We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court