People v Smith (2022 NY Slip Op 06353)

People v Smith

2022 NY Slip Op 06353

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

720 KA 21-01413

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID J. SMITH, DEFENDANT-APPELLANT. 

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (EVAN A. ESSWEIN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered June 2, 2021. The judgment convicted defendant upon a jury verdict of course of sexual conduct against a child in the first degree, rape in the second degree and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and rape in the second degree (§ 130.30 [1]), and two counts of endangering the welfare of a child (§ 260.10 [1]). Contrary to defendant's contention, we conclude that he received effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a " 'defendant must demonstrate that his [or her] attorney failed to provide meaningful representation' " (People v Williams, 206 AD3d 1625, 1626 [4th Dept 2022], lv denied 38 NY3d 1154 [2022], quoting People v Caban, 5 NY3d 143, 152 [2005]). The defendant "bears the ultimate burden of showing . . . the absence of strategic or other legitimate explanations for counsel's challenged actions" (People v Lopez-Mendoza, 33 NY3d 565, 572 [2019] [internal quotation marks omitted]; see People v Bradford, 204 AD3d 1483, 1485 [4th Dept 2022]). Here, defendant failed to make such a showing (see generally Bradford, 204 AD3d at 1485). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of representation (see People v Baldi, 54 NY2d 137, 147 [1981]), we conclude that defense counsel provided competent and meaningful representation, which included a successful pretrial motion to dismiss count one of the indictment as duplicitous and the presentation of a cogent defense (see People v Singleton, 203 AD3d 1671, 1672-1673 [4th Dept 2022], lv denied 38 NY3d 1074 [2022]).
Although defendant contends that his conviction is not supported by legally sufficient evidence, his motion to dismiss at the close of the People's case did not preserve for our review his specific challenge on appeal to the sufficiency of the evidence (see People v Gray, 86 NY2d 10, 19 [1995]). In addition, he failed to renew that motion after presenting proof (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Bubis, 204 AD3d 1492, 1494 [4th Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Douglas, 85 AD3d 1585, 1586 [4th Dept 2011]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We further reject defendant's contention that his sentence is unduly harsh and severe. Finally, we have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court