People v Copes (2025 NY Slip Op 03917)

People v Copes

2025 NY Slip Op 03917

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

468 KA 23-00781

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAMEEK M. COPES, DEFENDANT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered April 24, 2023. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, after a jury trial, of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). We affirm.
Defendant contends that County Court erred by allowing testimony from two police detectives stating their opinions as to what certain surveillance videos depicted. As defendant correctly concedes, that contention is not preserved for our review inasmuch as defendant failed to raise any objection to the testimony (see CPL 470.05 [2]; People v Bullock, 213 AD3d 1351, 1354 [4th Dept 2023], lv denied 40 NY3d 933 [2023]; People v Johnson, 164 AD3d 1593, 1595 [4th Dept 2018], lv denied 32 NY3d 1173 [2019]), and we decline to exercise our power to review the contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's further contention, she was not deprived of meaningful representation based on defense counsel's failure to properly move for a change of venue inasmuch as defendant failed to articulate how defense counsel's failure lacked a strategic or otherwise legitimate explanation (see People v Benevento, 91 NY2d 708, 712-713 [1998]; see generally People v Pardee, 24 AD3d 1252, 1252 [4th Dept 2005], lv denied 6 NY3d 851 [2006]). Additionally, defense counsel cannot be deemed ineffective for failing to make a motion "that has little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks omitted]; see People v Cahill, 2 NY3d 14, 41 [2003]; People v Jenkins, 197 AD3d 927, 928 [4th Dept 2021], lv denied 37 NY3d 1097 [2021]). 
Defendant's sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court